## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

2007 OCT -5 P 4 02

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**RELIA ANN SCOTT, et al.,**           )
                                       )
**Plaintiffs,**                        )
                                       )
**v.**                                 ) CASE NO. CV 3:07-CV-901-WC
                                       )
**FORD MOTOR COMPANY, et al.,**)
                                       )
**Defendants.**                        )

### NOTICE OF REMOVAL

COMES NOW the Defendant, FORD MOTOR COMPANY ("Ford"), a

Corporation, and files this Notice of Removal of this action from the Circuit Court

of Macon County, Alabama, to the United States District Court for the Middle

District of Alabama, Eastern Division. In support thereof, this Defendant respectfully

shows unto the Court as follows:

### BACKGROUND OF THIS ACTION

1.    This suit was originally filed on July 9, 2007, in the Circuit Court of

Macon County, Alabama. A complete copy of the complaint along with all state

court pleadings are attached as Exhibit "A" and are incorporated herein by reference.

2.    At the time of the original filing, the Plaintiffs named Keith Blakemore

d/b/a KB CAR CARE and Harold Emmers, Jr. as Defendants in addition to Defendant


SCANNED
KR

Ford Motor Company.

3.    Plaintiffs' Complaint contained only a general *ad damnum* clause demanding judgment "for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law". (Plaintiffs' Complaint at pp. 6, 7, 9, 10 and 11, Exhibit "A").

4.    Following receipt of Plaintiffs' Complaint, Ford served Requests for Admission to Plaintiffs: Linda Emmers, Arthur Billings, Susie Emmers and Relia Ann Scott on August 9, 2007. (Attached hereto collectively as Exhibit "B"). In addition, Ford served Requests for Admission to Plaintiff Bonita Billings on August 13, 2007. (Attached hereto as Exhibit "C").

5.    Thereafter, on April 7, 2007, Plaintiffs served upon Circuit Court Clerk, David R. Love, their "Notice of Service of Discovery Documents" enclosing Plaintiffs', Susie Emmers, Relia Ann Scott, Linda Emmers, Bonita Billings and Arthur Billings, "Responses to Ford Motor Company's Requests for Admission". (Notice of Intent attached hereto as Exhibit "D").

6.    In each respective Response to Ford's Requests for Admission, each individual Plaintiff **admitted** they were seeking to recover "monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive

- 2 -

of interest and costs." (See Plaintiffs' Responses to Ford's Requests for Admission, attached hereto collectively as Exhibit "E").

7.     Thus, only after receipt of Plaintiffs' Responses to Ford's Requests for Admission, does it appear that Ford's counsel has been put on notice of the Plaintiffs' intent to seek damages in excess of $75,000.00.

## THE PLAINTIFF

8.     Upon information and belief, and as pled in the Plaintiffs' Complaint, the Plaintiffs are all residents of the State of Texas.

## THE REMOVING DEFENDANT

9.     At all times referred to in the Complaint, including on the date of filing the Complaint, the Defendant Ford was, and is, a foreign corporation organized and existing under the laws of the State of Delaware with their principal place of business in the State of Michigan.

## THE FRAUDULENTLY JOINED DEFENDANTS

10.     At all times referred to in Plaintiffs' Complaint, and at the present time, the Defendant Keith Blakemore d/b/a KB CAR CARE was, and is, an unincorporated business operating solely in Harris County, Texas.   For the purposes of this Notice of Removal, Defendant Blakemore d/b/a KB CAR CARE is to be ignored as he has been fraudulently joined.

11.    At all times referred to in Plaintiffs' Complaint, and at the present time, the Defendant Harold Emmers, Jr. was, and is, an individual resident of <u>Harris County, Texas</u>. For the purposes of this Notice of Removal, Defendant Emmers is to be ignored as he has been fraudulently joined.

## THE FICTITIOUS DEFENDANTS

12.    The Plaintiffs' Complaint purports to join as defendants the persons, corporations, or other legal entities listed as Fictitious Defendants "A through G". Under 28 U.S.C. § 1441(a), for purposes of removal, the citizenship of defendants sued under fictitious names is to be disregarded.

## GROUNDS FOR REMOVAL

13.    This case is being removed pursuant to 28 U.S.C. §1441 et seq., inasmuch as this action could have originally been brought in this Court pursuant to 28 U.S.C. §1332.

14.    Pursuant to 28 U.S.C. § 1446 (b), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion or <u>other paper</u> from which it may first be ascertained that the case is one which is or has become removable . . . " Thus, the thirty (30) day window in which a defendant must remove a case begins to run only when that defendant receives <u>notice</u> -- in whatever form -- that the case is now

- 4 -

removable.  In the instant case, Notice of Removal is being filed within thirty (30) days of the receipt of Plaintiffs' Responses to Ford's Requests for Admission.  (Exh. "E", *supra*).

15.    This Notice of Removal is also timely filed because it is being submitted within one (1) year from the July 9, 2007, date of commencement of the action.

16.    A true and correct copy of this Notice of Removal is being served on counsel for Plaintiffs this date.

17.    No special bail was or is required in this action.

## JURISDICTION UNDER 28 U.S.C. §1332

18.    This action could have originally been brought in this Court under 28 U.S.C. §1332 in that it is a civil action wherein there is complete diversity of citizenship and the matter in controversy exceeds seventy-five thousand and no/100 dollars ($75,000) exclusive of interest and costs. (See discussion of fraudulent joinder, *infra*).  Congress established the removal process to protect defendants. Congress "did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." Legg v. Wyeth, 428 F.3d 1317, 1325 (11th Cir. 2005) *citing* McKinney v. Bd. of Trustees of Mayland Cmty. Coll., 955 F.2d 924, 928 (4th Cir. 1992).

19.    Plaintiffs' suit arises from a single vehicle automobile crash that occurred as Plaintiffs were traveling Southbound on I-85 at or between the Franklin, Alabama city limit.

20.    Plaintiffs' Complaint seeks compensatory and punitive damages. Plaintiffs' responses to Ford's Requests for Admission specifically notice the Plaintiffs' intent to seek in excess of $75,000.00 separately in both compensatory and punitive damages. Therefore, Plaintiffs' claims call into controversy amounts in excess of $75,000 exclusive of interest and costs.

## FRAUDULENT JOINDER

21.    Fraudulent joinder is a judicially-created doctrine that provides an exception to the requirement of complete diversity. *Triggs v. John Crump Toyota, Inc.*, 154 F. 3d 1284, 1287 (11th Cir. 1998). Fraudulent joinder is found in three (3) instances: *first*, **where there is no possibility that the plaintiff can establish a cause of action against the non-diverse defendant in state court;** *second*, where there has been outright fraud in the plaintiffs' pleadings of jurisdictional facts; *third*, where a diverse defendant is joined with a non-diverse defendant to whom there is no joint, several or alternate liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. See, *e.g*, *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (providing a description

- 6 -

of the first and second type of fraudulent joinder), *Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980) (providing same) and *Triggs, supra,* 154 F.3d at 1287 (adding the third type of fraudulent joinder).

22.    As to Defendant Keith Blakemore d/b/a KB Car Care, Plaintiffs have failed to show, and cannot show, that *in personam* jurisdiction exists over Keith Blakemore d/b/a KB Car Care in the State of Alabama.  Likewise, Plaintiffs have failed to assert a valid cause of action against the driver of the subject vehicle, Harold Emmers, Jr., under § 32-1-2, Ala. Code 1975 ("Alabama Guest Statute").  Therefore, there is no possibility that the Plaintiffs can establish a cause of action against either of the non-diverse defendants in state court.

23.    Keith Blakemore d/b/a KB Car Care is an unincorporated business organized, existing and operating solely under the laws of the State of Texas with its principal place of business in Harris County, Texas.  Keith Blakemore d/b/a KB Car Care's presence in this litigation is to be ignored with respect to determining diversity as it has been fraudulently joined and is due to be dismissed based on a lack of *in personam* jurisdiction.

24.    The test or standard used in Alabama courts pursuant to *Ala. R. Civ. P.* 4.2 *for determining whether* in personam *jurisdiction exists for a non-Alabama* defendant is the same due process analysis adopted by the federal courts following

- 7 -

*International Shoe Co. v. Washington,* 326 U.S. 310 (1945), *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), and their progeny based on the due process protections under the Fourteenth Amendment. See *Ex parte Troncalli Chrysler Plymouth Dodge, Inc.*, 876 So. 2d 459 (Ala. 2003), *Sudduth v. Howard*, 646 So. 2d 664, 667 (Ala. 1994).

25.    As this Court is aware, the United States Supreme Court has identified two (2) types of *in personam* jurisdiction: specific and general jurisdiction. See *Huey v. Am. Truetzschler Corp.*, 47 F. Supp. 2d 1342, 1346 (M.D. Ala. 1999) (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8, 9, 104 S. Ct. 1868, 1872 nn. 8, 9, 80 L. Ed. 2d 404 (1984)).

26.    To constitute "minimum contacts" for purposes of specific *in personam* jurisdiction, each defendant's contacts with the applicable forum must satisfy three (3) criteria: *first*, the contacts must be related to the plaintiff's cause of action or have given rise to it; *second*, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws; *third*, the contacts must be such that the defendant should reasonably anticipate being haled into court in the forum. See *id.* (citing *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1992), cert. denied, 508 U.S. 907, 113 S. Ct. 2334, 124 L. Ed. 2d 246 (1993)).

- 8 -

27.    Keith Blakemore d/b/a KB Car Care does not have any contacts, much less sufficient "minimum contacts", with the State of Alabama to suffice the due process requirements in order for a non-Alabama defendant, such as itself, to be haled into an Alabama court. Keith Blakemore d/b/a KB Car Care is located in Harris County, Texas, where it conducts its business. Upon information and belief, Keith Blakemore d/b/a KB Car Care does not now have, nor has it ever had, any offices, employees or agents located in, or doing business in, the State of Alabama

28. Thus, Keith Blakemore d/b/a KB Car Care does not have any contacts with the State of Alabama. As a result, Keith Blakemore d/b/a KB Car Care clearly does not have sufficient "minimum contacts" within the State of Alabama nor has it "purposefully availed" itself of the benefits of this State where it should "reasonably expect to be haled into court in the forum state," of Alabama. Simply stated, Counsel for Plaintiffs has included Keith Blakemore d/b/a KB Car Care, a fraudulently joined, non-diverse defendant, in order to attempt to destroy complete diversity even though *in personam* jurisdiction is lacking.

29.    Likewise, Keith Blakemore d/b/a KB Car Care does not satisfy the well-established analysis that Alabama state and federal courts must perform in determining whether general *in personam* jurisdiction exists over an out-of-state defendant. General contacts, which give rise to general *in personam* jurisdiction,

- 9 -

consist of the defendant's contacts with the forum state that are unrelated to the cause of action, and that are both "continuous and systematic." See *Worthy v. Cyberworks Tech., Inc.*, 835 So. 2d 972, 975-76 (Ala. 2002) (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall, supra*, 466 U.S. at 414, n. 9) (citations omitted).

30.    Keith Blakemore d/b/a KB Car Care is in the business of providing automotive maintenance and repair services, and operates in Harris County, Texas. Indeed, Plaintiffs do not even attempt to allege in their Complaint that Keith Blakemore d/b/a KB Car Care satisfies the requirements necessary for establishing *in personam* jurisdiction in this case. (Plaintiffs' Complaint at ¶ 7). Therefore, Alabama, the forum state, clearly lacks general *in personam* jurisdiction over Keith Blakemore d/b/a KB Car Care.

31.    Because Keith Blakemore d/b/a KB Car Care does not satisfy either the specific or general *in personam* jurisdiction analysis required by the due process protections under the Fourteenth Amendment, the State of residence for Keith Blakemore d/b/a KB Car Care for diversity purposes should not be considered as it is a fraudulently joined defendant.

32. Like Keith Blakemore d/b/a KB Car Care, there is no possibility that the Plaintiffs can establish a cause of action against Defendant Harold Emmers, Jr. in state court.

- 10 -

33. As stated in Plaintiffs' Complaint, Defendant Harold Emmers, Jr. was the "operator" and "driver" of the subject vehicle at the time of the subject single vehicle crash. (Plaintiffs' Complaint at ¶ 17 and 20). Therefore, any cause of action brought against Defendant Emmers is governed by the Alabama Guest Statute.

34. The Alabama Guest Statute states,

> The owner, operator or person responsible for the operation of a motor vehicle <u>shall not be liable</u> for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the <u>willful or wanton</u> misconduct of such operator, owner or person responsible for the operation of said motor vehicle.

§ 32-1-2, Ala. Code 1975.

35. It is undisputed that the only valid claim to be brought by a passenger against the "owner, operator, or person responsible for the operation of a motor vehicle" is one of willful or wanton misconduct.

36. In this case, the <u>sole</u> cause of action alleged against Defendant Emmers by the Plaintiffs is one sounding in negligence. (Plaintiffs' Complaint at ¶ 39). Although Plaintiffs' assert wantonness against Defendant Ford, they do not make that same allegation against Defendant Emmers. (Plaintiffs' Complaint at ¶ 43-46). Therefore, there can be no dispute that the Plaintiffs' have failed to allege a cause of action against Defendant Emmers wherein there is the possibility that the Plaintiffs can establish a cause of action against that Defendant.

- 11 -

37. Because no valid claim exists against Harold Emmers, Jr., the State of residence of Harold Emmers, Jr. for diversity purposes should not be considered as he is a fraudulently joined defendant.

38. Lending further credibility with respect to Defendant Emmers' fraudulent joinder was the filing on September 17, 2007, of Defendant Emmers' Answer and Cross-Claim Against Ford Motor Co. (See attached Exhibit "A"). One might think that given the undisputed and baseless allegations brought against him by, among others, his wife, Mr. Emmers would have filed a Motion to Dismiss the claims pursuant to Ala. R. Civ. P. 12(b)(6). However, instead of making such an argument, Emmers instead answered the Plaintiffs' Complaint and asserted his own Cross-Claim against Ford, thus evidencing the clear collusion between Plaintiffs and Defendant Emmers to fraudulently defeat jurisdiction in this case.

39. This suit is removed to this Court, under and by virtue of the Acts of Congress of the United States, and the Defendant Ford Motor Company is desirous of removing said cause to this Court.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that the above-entitled cause be removed to the United States District Court for the Middle District of Alabama, Eastern Division, according to the statutes in such case made and provided.

DONE this the 5th day of October, 2007.

Respectfully submitted,

D. Alan Thomas
H. Lanier Brown, II
John Isaac Southerland
Attorneys for Defendant,
FORD MOTOR COMPANY

**OF COUNSEL:**

HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone: (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys registered and I have placed a copy of the foregoing to the attorneys not set up for email notification in the United States Mail, postage prepaid and properly addressed, on this the 5th day of <u>October</u>, 2007.

Walter McGowan, Esq.
GRAY, LANGFORD, SAPP, McGOWAN, GRAY,
 GRAY & NATHANSON, P.C.
P. O. Box 830239
Tuskegee, AL 36083-0239

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

Robert E. Ammons
The Ammons Law Firm
3700 Montrose Boulevard
Houston, TX 77006

Of Counsel

# DEFENDANT'S
# EXHIBIT A

IN THE CIRCUIT COURT OF
MACON COUNTY, ALABAMA

RELIA ANN SCOTT, as Administratrix of          §
the Estate of NATHAN BILLINGS, Deceased;       §
ARTHUR BILLINGS & BONITA                       §
BILLINGS, Individually & as Next Friend        §
of B█████████ B████████, a minor;              §
SUSIE M. EMMERS, as Administratrix of          §
the Estate of APRIL JONES EMMERS,              §
Deceased; LINDA EMMERS, Individually &         §
as Next Friend of A███████E████████,           §
a minor; and HAROLD EMMERS III,                §
                                               §
          Plaintiffs,                          §
                                               §
                                               §    CIVIL ACTION NO. *07-85*
VS.                                            §
                                               §
FORD MOTOR COMPANY,                            §
KEITH BLAKEMORE d/b/a KB CAR CARE,             §
HAROLD EMMERS, JR., and                        §
and FICTITIOUS Defendants A through G,         §
Described herein in Paragraphs 9 through 15,   §
                                               §
          Defendants.                          §

FILED IN
CIRCUIT CLERKS OFFICE
MACON COUNTY, AL
2001 JUL -9 P 2: 52
DAVID LOVE
CIRCUIT CLERK

## C O M P L A I N T

COME NOW, the Plaintiffs in the above-styled action and file this Complaint.

### Statement of the Parties

1.    Plaintiff, Relia Ann Scott, is the duly appointed Administratrix and Personal
Representative of the Estate of Nathan Billings. Plaintiff is a resident of Texas, and is over the age
of nineteen years.

2.    Plaintiffs, Arthur Billings and Bonita Billings individually and, as next friends of
B█████ B███████, a minor, are residents of Texas and are over the age of nineteen years.

3.    Plaintiff, Susie M. Emmers, is the duly appointed Administratrix and Personal

Representative of the Estate of April Jones Emmers.  Plaintiff is a resident of Texas and is over the age of nineteen years.

4.      Plaintiff, Linda Emmers, individually and as next friend of A██████ ███████ a minor, is a resident of Texas and is over the age of nineteen years.

5.      Plaintiff, Harold Emmers III, is a resident of Texas and is over the age of nineteen years.

6.      Defendant, Ford Motor Company, is a foreign corporation doing business in Macon County, Alabama and in the State of Alabama at large through its agents.  Defendant is in the business of designing, manufacturing, assembling and distributing motor vehicles for use by ordinary customers such as Plaintiffs.

7.      Defendant Keith Blakemore d/b/a KB Car Care is an unincorporated business operating in Harris County, Texas. Defendant, Keith Blakemore d/b/a KB Car Care, is in the business of providing automotive maintenance and repair services to ordinary customers such as Plaintiffs.

8.      Defendant, Harold Emmers, Jr., is an individual resident of Harris County, Texas.

9.      Fictitious Defendant A, whether singular or plural, is that person, corporation, or other legal entity who or which designed, manufactured and marketed the 2002 Ford Econoline E350 van bearing VIN 1FBSS31S42HA33919 involved in the occurrence made the basis of this Complaint, or any component of it;

10.     Fictitious Defendant B, whether singular or plural, is that person, corporation, or other legal entity who or which had any role in the distributive chain regarding the 2002 Ford Econoline E350 van bearing VIN 1FBSS31S42HA33919 involved in the occurrence made the basis of this

2

Complaint, or any component of it;

11.    Fictitious Defendant C, whether singular or plural, is that person, corporation, or other legal entity who or which had any role in the distributive chain regarding the 2002 Ford Econoline E350 van bearing VIN 1FBSS31S42HA33919 involved in the occurrence made the basis of this Complaint, or any component of it;

12.    Fictitious Defendant D, whether singular or plural, is that person, corporation, or other legal entity who or which, prior to the occurrence made the basis of this lawsuit, altered or repaired the 2002 Ford Econoline E350 van bearing VIN 1FBSS31S42HA33919 involved in the occurrence made the basis of this Complaint, or any component of it;

13.    Fictitious Defendant E, whether singular or plural, is that person, corporation, or other legal entity who or which conducted safety inspections or analyses with respect to the 2002 Ford Econoline E350 van bearing Fictitious Defendant C, whether singular or plural, is that person, corporation, or other legal entity who or which had any role in the distributive chain regarding the 2002 Ford Econoline E350 van bearing VIN 1FBSS31S42HA33919 involved in the occurrence made the basis of this Complaint, or any component of it;

14.    Fictitious Defendant F, whether singular or plural, is that person, corporation or other legal entity, other than those described above, whose negligence, intentional conduct, willfulness, breach of conduct, wantonness, or other wrongful conduct contributed to cause the occurrence and damages made the basis of this Complaint;

15.    Fictitious Defendant G, whether singular or plural, is that person, corporation or other legal entity which is the successor-in-interest to any of those entities described above;

16.    Plaintiffs aver that Defendants A through G are otherwise unknown to Plaintiffs at

3

this time, or if their names are known to Plaintiffs, their identities as proper party Defendants are not known to Plaintiffs at this time, and their true names will be substituted by amendment when ascertained.

## Statement of the Facts

17.     On or about August 6, 2005, a 2002 Ford Econoline E350 15-passenger van bearing VIN 1FBSS31S42HA33919 (hereafter referred to as the van) operated by Defendant Harold Emmers, Jr., was on a return trip from Atlanta to Houston following a national church convention attended by its eight occupants.

18.     After leaving Atlanta and traveling some 100 miles to Macon County, Alabama, the van veered onto the left shoulder.

19.     The driver attempted to steer the vehicle back onto the road and the van began rolling over.

20.     In addition to the driver, Harold Emmers, Jr., occupants of the van included Linda Emmers, Bonita Billings, Nathan Billings, Harold Emmers III, A███ E█████, B█████ B█████ and April Jones Emmers.

21.     As the van rolled over after loss of control, its roof collapsed, the glazing broke out, and the seating and restraint systems failed.

22.     As a proximate result of the loss of control and rollover, Plaintiffs sustained physical and psychological injuries.

23.     Nathan Billings and April Jones Emmers were wrongfully killed.

24.     The van was being used as intended and in a reasonably and foreseeable manner.

25.     The van was in an unaltered condition from the time of date of manufacture and sale.

4

26.    The van was serviced shortly before the incident by Keith Blakemore d/b/a KB Car Care.

## COUNT ONE
### (AEMLD against Ford Motor Company and Fictitious Defendants A though G)

27.    Plaintiffs incorporate here the allegations of paragraphs 1 through 26 as if set out here in full.

28.    The van was designed, manufactured, distributed and sold by Defendant Ford Motor Company and Fictitious Defendants A through G.

29.    This claim is brought in part pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

30.    The van was defective and unreasonably dangerous for its intended and foreseeable use.

31.    The van at the time of the accident was without substantial change in the condition in which it was manufactured.

32.    The van is defective and unreasonably dangerous in:

   (a)    design, manufacture, and/or marketing as it relates to the vehicle's characteristics for stability, handling, and/'or roll over propensities;

   (b)    design and manufacture of the restraint system;

   (c)    design and manufacture of the window and glazing systems;

   (d)    design and manufacture as it relates to the protection provided to occupants in foreseeable collisions including rollovers.

33.    The defective condition of the van was the proximate cause of the Plaintiffs injuries and deaths.

5

34.    As a proximate result of the defective nature of the van, Plaintiffs sustained physical and psychological injuries and Nathan Billings and April Jones Emmers were wrongfully killed.

WHEREFORE, Plaintiffs demand judgment against Defendant Ford Motor Company and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

## COUNT TWO
### (Negligence against Ford Motor Company, Keith Blakemore d/b/a KB Car Care, Harold Emmers, Jr., and Fictitious Defendants A through G)

35.    Plaintiffs incorporate here the allegations of paragraphs 1 through 34 as if set out here in full.

36.    Defendant Ford Motor Company negligently designed, manufactured, tested, sold or otherwise placed into the stream of commerce the dangerous van.

37.    Defendant Ford Motor Company negligently warned or failed to warn regarding the dangers from foreseeable use of the product (the van).

38.    Defendant Keith Blakemore d/b/a KB Car Care negligently serviced the van.

39.    Defendant Harold Emmers, Jr., was negligent, in his operation of the van.

40.    Fictitious Defendants A through G negligently designed, manufactured, tested, sold, repaired, maintained, inspected or failed to inspect the dangerous van.

41.    Fictitious Defendants A through G negligently warned or failed to warn regarding the dangers from foreseeable use of the van.

42.    As a proximate result of the negligence of some or all of the Defendants and the combined and concurring negligence of the Defendants, Plaintiffs sustained physical and

psychological injuries and Nathan Billings and April Jones Emmers were wrongfully killed.

WHEREFORE, Plaintiffs demand judgment against Defendants Ford Motor Company, Keith Blakemore d/b/a KB Car Care, Harold Emmers, Jr. and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

## COUNT THREE
### (Wantonness against Ford Motor Company and Fictitious Defendants A through G)

43.    Plaintiffs incorporate here the allegations of paragraphs 1 through 42 as if set out here in full.

44.    Defendant Ford Motor Company and Fictitious Defendants A through G negligently designed, manufactured, tested, sold or otherwise placed into the stream of commerce the dangerous van.

45.    The aforesaid Defendants wantonly warned or failed to warn regarding the dangers from foreseeable use of the van.

46.    As a proximate result of the wantonness of these Defendants, Plaintiffs sustained physical and psychological injuries and Nathan Billings and April Jones Emmers were wrongfully killed.

WHEREFORE, Plaintiffs demand judgment against Defendant Ford Motor Company and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

## COUNT FOUR
### (Breach of Express and Implied Warranties against Ford Motor Company and Fictitious Defendants A through G)

7

47.    Plaintiffs incorporate here the allegations of paragraphs 1 through 46 as if set out here in full.

48.    The van is "goods" as defined by the Alabama Uniform Commercial Code ("UCC") and, at the time the van was sold, Defendant Ford Motor Company and Fictitious Defendants A though G were each a "merchant" with respect to goods of this kind.

49.    Defendant Ford Motor Company and Fictitious Defendants A though G  sold a defective product and marketed that product in a defective manner by expressly and impliedly warranting, among other things, that the van was of merchantable quality and was safe and fit for the purpose intended when used in an ordinary manner; and by not giving adequate warnings of the dangerous propensities of Ford Econoline E350 vans, including the van that rolled over and caused injuries to Plaintiffs on August 6, 2005.

50.    Defendant Ford Motor Company and Fictitious Defendants A though G breached the aforesaid express and implied warranties in the following particulars, among others:

a.    Selling vans that were not of merchantable quality, including the van that rolled over and caused injuries to Plaintiffs on August 6, 2005;

b.    Selling vans that were not safe for the purpose intended when used under ordinary conditions and in an ordinary manner, including the van that rolled over and caused injuries to Plaintiffs on August 6, 2005; and

c.    Not giving adequate warning of the dangerous propensities of the Econoline E350 vans, including the van that rolled over and caused injuries to Plaintiffs on August 6, 2005.

51.    Defendant Ford Motor Company and Fictitious Defendants A through G expressly

8

warranted that Ford Econoline E350 vans were safe and fit for the purpose for which they were designed.

52.     Defendant Ford Motor Company and Fictitious Defendants A though G breached one or more of the aforesaid warranties.

53.     As a proximate result of the aforesaid breach of warranties by Defendant Ford Motor Company and Fictitious Defendants A through G.  Plaintiffs sustained physical and psychological injuries and Nathan Billings and April Jones Emmers were wrongfully killed.

WHEREFORE, Plaintiffs demand judgment against Ford Motor Company and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

### COUNT FIVE
### (Negligent and/or Wanton Failure to Warn of and/or Adequately Safeguard Against Deadly Hazards as to Ford Motor Company and Fictitious Defendants A through G)

54.     Plaintiffs incorporate here the allegations of paragraphs 1 through 53 as if set out here in full.

55.     At the aforesaid time and place, and prior thereto, Defendant Ford Motor Company and Fictitious Defendants A through G negligently and/or wantonly failed to adequately warn of and/or safeguard against the deadly hazards presented by the aforesaid van.

56.     As a proximate result of the negligent and/or wanton failure of the Defendant Ford Motor Company and Fictitious Defendants A through G to adequately warn of and/or safeguard against said hazards, the Plaintiffs sustained physical and psychological injuries and Nathan Billings and April Jones Emmers were wrongfully killed on August 6, 2005.

9

WHEREFORE, Plaintiffs demand judgment against Defendant Ford Motor Company and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

## COUNT SIX
### (Crashworthiness as to Ford Motor Company and Fictitious Defendants A though G)

57.    Plaintiffs reallege all allegations contained in paragraphs 1 through 56 as if set out here in full.

58.    Defendant Ford Motor Company and Fictitious Defendants A through G sold, distributed or otherwise placed into the stream of commerce the subject 2002 Ford Econoline E350 van and the component parts thereof.

59.    The van as designed and distributed was unreasonably dangerous in that the vehicle was not crashworthy due to its weak roof structure, inadequate seating and restraint systems, and use of tempered glass in the side windows.

60.    Said Defendants failed to warn or otherwise notify the intended user or consumer of the dangerously defective conditions.

61.    The van was not crashworthy in that the vehicle failed to provide reasonable protection to its occupants in a reasonably foreseeable crash mode.

62.    The weak roof structure, inadequate seating and restraint systems, and tempered glass in the side window locations allowed the roof to collapse and the occupants to become improperly restrained and contained within the van. Plaintiffs were injured in the rollover, and Nathan Billings and April Jones Emmers were wrongfully killed as they were ejected from the van.

63.    As a proximate consequence of the lack of crashworthiness, Plaintiffs sustained

10

physical and psychological injuries and Nathan Billings and April Jones Emmers were wrongfully killed.

WHEREFORE, Plaintiffs demand judgment against Defendant Ford Motor Company and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

_Walter E. McGowan_
Walter McGowan (MCG016)
Attorney for Plaintiffs

OF COUNSEL:

Gray, Langford, Sapp, McGowan, Gray,
 Gray  & Nathanson, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239
Telephone:     334-727-4830
Facsimile:     334-727-5877

### **JURY DEMAND**

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.

_Walter E. McGowan_
OF COUNSEL

11

| State of Alabama<br>Unified Judicial System | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>C V 2007 0085 . . |
|---|---|---|
| Form ARCivP-93   Rev. 5/99 | | Date of Filing: 07 09 2007   Judge Code: X X X<br>Month   Day   Year |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF** MACON , **ALABAMA**

*(Name of County)*

Relia A. Scott, as Adm. of the Estate of Nathan Billins, deceased    v.    Ford Motor Company, Keith Blakemore d/b/a KB Car Care and Harold Emmers, Jr.

**Plaintiff**                                **Defendant**

First Plaintiff  ☐ Business   ☑ Individual         First Defendant   ☑ Business   ☐ Individual
                 ☐ Government  ☐ Other                              ☐ Government  ☐ Other

---

**NATURE OF SUIT:**  Select primary cause of action, by checking box (*check only one*) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☑ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☑ TOWA - Wantonness
- ☑ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
- ☑ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN** *(check one):*   F ☑ INITIAL FILING      A ☐ APPEAL FROM     O ☐ OTHER: _____
                                                DISTRICT COURT
                        R ☐ REMANDED           T ☐ TRANSFERRED FROM
                                                OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ YES   ☐ NO     Note:  Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED      ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**   M C -G 0 1 6        7/9/07        [signature] Walter E. McGowan
                                         Date          Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**   ☐ YES   ☑ NO   ☐ UNDECIDED

 

*537512*

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
07/10/2007
Log Number 512386807

**TO:**  Chris Dzbanski
Ford Motor Company
Three Parklane Blvd., Ste.1400 West
Dearborn, MI, 48126-

**RE:**  **Process Served in Alabama**

**FOR:**  Ford Motor Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Relia Ann Scott, as Administratix of the Estate of Nathan Billings, Deceased, et al., Pltfs. vs. Ford Motor Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Macon County Circuit Court, AL<br>Case # CV 07 85 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Negligence in manufacturing the defective & unsafe in rollover causing injury and death - 2002 Ford Econoline van - VIN# 1FBSS31S42HA33919 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/10/2007 postmarked on 07/09/2007 |
| **APPEARANCE OR ANSWER DUE:** | within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Walter McGowan<br>Gray, Langford, Sapp, McGowan, Gray, Gray & Nathanson, P.C.<br>Post Office Box 830239<br>Tuskegee, AL, 36083-0239<br>334-727-4830 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790288151049<br>Image SOP - Page(s): 14<br>Email Notification, Chris Dzbanski CDZBANSK@FORD.COM |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Company<br>2000 Interstate Park Drive<br>Suite 204<br>Montgomery, AL, 36109 |
| **TELEPHONE:** | 334-387-7680 |

LITIGATION
PRACTICE GROUP

7 JUL 12 P3:13

OFFICE OF THE
GENERAL COUNSEL

Page 1 of 1 / SR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

```
  AVSO351                                                     CV 2007 000085.00

                                              JUDGE: ASSIGNED JUDGE
  ------------------------------------------------------------------------
                    ALABAMA JUDICIAL DATA CENTER
                        CASE ACTION SUMMARY
                          CIRCUIT CIVIL
  ------------------------------------------------------------------------
    IN THE CIRCUIT  COURT OF   MACON      COUNTY
    RELIA A. SCOTT AS ADM. OF THE ESTATE OF NATHAN BILLINS VS  FORD MOTOR
  FILED: 07/09/2007 TYPE: WRONGFUL DEATH         TYPE TRIAL: JURY      TRACK:
  **********************************************************************
  DATE1:                 CA:                   CA DATE:
  DATE2:                 AMT:        $.00   PAYMENT:
  DATE3:
  **********************************************************************
  PLAINTIFF  001: SCOTT RELIA ANN, AS ADM OF THE ESTATE OF
                  NATHAN BILLINGS, DECEASED  ATTORNEY: MCGOWAN WALTER E
                                             MCG016    P O BOX 830239
                  AL  00000-0000
                  PHONE: (334)000-0000                  TUSKEGEE, AL  36083
  ENTERED: 07/09/2007 ISSUED:              TYPE:          (334)727-4830
  SERVED:             ANSWERED:            JUDGEMENT:
  ------------------------------------------------------------------------
  PLAINTIFF  002: BILLINGS ARTHUR, IND. & AS NEXT FRIEND OF
                  B██████ B████   ████    ATTORNEY: MCGOWAN WALTER E
                                          MCG016    P O BOX 830239
                  AL  00000-0000
                  PHONE: (334)000-0000                  TUSKEGEE, AL  36083
  ENTERED: 07/09/2007 ISSUED:              TYPE:          (334)727-4830
  SERVED:             ANSWERED:            JUDGEMENT:
  ------------------------------------------------------------------------
  PLAINTIFF  003: BILLINGS BONITA, IND. & AS NEXT FRIEND OF
                  B██████ B████   ████    ATTORNEY: MCGOWAN WALTER E
                                          MCG016    P O BOX 830239
                  AL  00000-0000
                  PHONE: (334)000-0000                  TUSKEGEE, AL  36083
  ENTERED: 07/09/2007 ISSUED:              TYPE:          (334)727-4830
  SERVED:             ANSWERED:            JUDGEMENT:
  ------------------------------------------------------------------------
  PLAINTIFF  004: EMMERS SUSIE M. AS ADMIN. OF THE ESTATE OF
                  APRIL JONES EMMERS,       ATTORNEY: MCGOWAN WALTER E
                  DECEASED                  MCG016    P O BOX 830239
                  AL  00000-0000
                  PHONE: (334)000-0000                  TUSKEGEE, AL  36083
  ENTERED: 07/09/2007 ISSUED:              TYPE:          (334)727-4830
  SERVED:             ANSWERED:            JUDGEMENT:
  ------------------------------------------------------------------------
  PLAINTIFF  005: EMMERS LINDA INDIVIDUALLY & AS NEXT FRIEN OF
                  A██████ E████   ████, A MINOR AN ATTORNEY: MCGOWAN WALTER E
                  HAROLD EMMERS, III        MCG016    P O BOX 830239
                  AL 00000-0000
                  PHONE: (334)000-0000                  TUSKEGEE, AL  36083
  ENTERED: 07/09/2007 ISSUED:              TYPE:          (334)727-4830
  SERVED:             ANSWERED:            JUDGEMENT:
  ------------------------------------------------------------------------
  DEFENDANT  001: FORD MOTOR COMPANYAGENT: THE CORP COMPANY
                  2000 INTERSTATE PARK DRIV  ATTORNEY: THOMAS DONALD ALAN
                  SUITE 204                  THO069    THREE PROTECTIVE CENTER
                  MONTGOMERY, AL  36109-0000           2801 HWY 280 SO STE 200
                  PHONE: (334)000-0000                  BIRMINGHAM, AL  35223
  ENTERED: 07/09/2007 ISSUED: 07/09/2007 TYPE:  CERTIFIED  (205)251-1193
  SERVED:  07/10/2007 ANSWERED: 08/09/2007 JUDGEMENT:

                                            BROWN H LANIER II
                                            PROTECTIVE CENTER BLDG
                                            2801 HWY 280 SO. STE 20
                                            BIRMINGHAM, AL  35223
                                                        (205)251-1193
  ------------------------------------------------------------------------
  EH   10/04/2007                                     CV 2007 000085.00
```

```
AVSO351                                                    CV 2007 000085.00

                                          JUDGE: ASSIGNED JUDGE
-------------------------------------------------------------------------
                    ALABAMA JUDICIAL DATA CENTER
                        CASE ACTION SUMMARY
                           CIRCUIT CIVIL
-------------------------------------------------------------------------
   IN THE CIRCUIT COURT OF    MACON        COUNTY

   RELIA A. SCOTT AS ADM. OF THE ESTATE OF NATHAN BILLINS VS  FORD MOTOR
FILED: 07/09/2007 TYPE: WRONGFUL DEATH        TYPE TRIAL: JURY      TRACK:

**********************************************************************
DATE1:              CA:                   CA DATE:
DATE2:              AMT:        $.00  PAYMENT:
DATE3:
**********************************************************************
                                          SOUTHERLAND JOHN OSAAC
                                          2801 HWY 280 SOUTH
                                          SUITE 200
                                          BIRMINGHAM, AL  35223
                                              (205)251-1193
-------------------------------------------------------------------------
DEFENDANT  002: BLAKEMORE KEITH D/B/A CAR CARE
                4703 A PLAINFIELD              ATTORNEY:

                HOUSTON, TX  77036-0000
                PHONE: (334)000-0000
ENTERED:  07/09/2007 ISSUED:  07/09/2007 TYPE:    CERTIFIED
SERVED:   07/12/2007  ANSWERED:                JUDGEMENT:
-------------------------------------------------------------------------
DEFENDANT  003: EMMERS HAROLD HOLLY JR
                10830 HARVEST SUN DRIVE       ATTORNEY:

                HOUSTON, TX  77064-0000
                PHONE: (334)000-0000
ENTERED:  07/09/2007 ISSUED:  07/09/2007 TYPE:    CERTIFIED
SERVED:   07/13/2007  ANSWERED:                JUDGEMENT:
-------------------------------------------------------------------------
```

| Date | Action | |
|---|---|---|
| 07/09/2007 | ASSIGNED TO JUDGE: ASSIGNED JUDGE | (AV01) |
| 07/09/2007 | ORIGIN: INITIAL FILING | (AV01) |
| 07/09/2007 | JURY TRIAL REQUESTED | (AV01) |
| 07/09/2007 | CASE ASSIGNED STATUS OF: ACTIVE | (AV01) |
| 07/09/2007 | CASE SCANNED STATUS SET TO: N | (AV01) |
| 07/09/2007 | SCOTT RELIA ANN, AS ADM OF THE ESTATE OF ADDED AS | |
| 07/09/2007 | LISTED AS ATTORNEY FOR C001: MCGOWAN WALTER E | |
| 07/09/2007 | BILLINGS ARTHUR, IND. & AS NEXT FRIEND OF ADDED AS | |
| 07/09/2007 | BILLINGS BONITA, IND. & AS NEXT FRIEND OF ADDED AS | |
| 07/09/2007 | EMMERS SUSIE M. AS ADMIN. OF THE ESTATE OF ADDED A | |
| 07/09/2007 | LISTED AS ATTORNEY FOR C004: MCGOWAN WALTER E | |
| 07/09/2007 | EMMERS LINDA INDIVIDUALLY & AS NEXT FRIEN OF ADDED | |
| 07/09/2007 | LISTED AS ATTORNEY FOR C005: MCGOWAN WALTER E | |
| 07/09/2007 | LISTED AS ATTORNEY FOR C003: MCGOWAN WALTER E | |
| 07/09/2007 | LISTED AS ATTORNEY FOR C002: MCGOWAN WALTER E | |

```
EH   10/04/2007                                   CV 2007 000085.00
```

```
 AVSO351                                                    CV 2007 000085.00
                                              JUDGE: ASSIGNED JUDGE
------------------------------------------------------------------------------
                    ALABAMA JUDICIAL DATA CENTER
                        CASE ACTION SUMMARY
                           CIRCUIT CIVIL
------------------------------------------------------------------------------
  IN THE CIRCUIT  COURT OF   MACON       COUNTY
   RELIA A. SCOTT AS ADM. OF THE ESTATE OF NATHAN BILLINS VS  FORD MOTOR
 FILED: 07/09/2007 TYPE: WRONGFUL DEATH        TYPE TRIAL: JURY        TRACK:
*****************************************************************************
 DATE1:                  CA:                  CA DATE:
 DATE2:                  AMT:        $.00  PAYMENT:
 DATE3:
*****************************************************************************
  07/09/2007    FORD MOTOR COMPANYAGENT: THE CORP COMPANY ADDED AS
  07/09/2007    CERTIFIED MAI ISSUED: 07/09/2007 TO D001      (AV02)
  07/09/2007    BLAKEMORE KEITH D/B/A CAR CARE ADDED AS D002 (AV02)
  07/09/2007    CERTIFIED MAI ISSUED: 07/09/2007 TO D002      (AV02)
  07/09/2007    EMMERS HAROLD HOLLY JR ADDED AS D003          (AV02)
  07/09/2007    CERTIFIED MAI ISSUED: 07/09/2007 TO D003      (AV02)
  07/09/2007    SUMMONS AND COMPLAINT
  07/12/2007    SERVICE OF CERTIFIED MAI ON 07/10/2007 FOR D001
  07/19/2007    SERVICE OF CERTIFIED MAI ON 07/12/2007 FOR D002
  07/19/2007    SERVICE OF CERTIFIED MAI ON 07/13/2007 FOR D003
  08/09/2007    D001 - COMPLAINT DENIED E-FILED.
  08/09/2007    ANSWER - TRANSMITTAL
  08/09/2007    ANSWER - TRANSMITTAL
  08/09/2007    D001 - COMPLAINT DENIED E-FILED.
  08/09/2007    D001-PROTECTIVE ORDER FILED.
  08/09/2007    LISTED AS ATTORNEY FOR D001: THOMAS DONALD ALAN
  08/09/2007    ANSWER OF COMP DENIED ON 08/09/2007 FOR D001(AV02)
  08/09/2007    LISTED AS ATTORNEY FOR D001: SOUTHERLAND JOHN OSA
  08/09/2007    LISTED AS ATTORNEY FOR D001: BROWN H LANIER II
  08/09/2007    MOTION - TRANSMITTAL
  08/09/2007    DISCOVERY - TRANSMITTAL
  08/09/2007    NOTICE OF DISCOVERY E-FILED.
  08/09/2007    MOTION - TRANSMITTAL
  08/09/2007    D001-PROTECTIVE ORDER FILED.
  08/13/2007    DISCOVERY - TRANSMITTAL
  08/13/2007    NOTICE OF DISCOVERY E-FILED.
  08/17/2007    ACCEPTANCE AND WAIVER
------------------------------------------------------------------------------
'EH   10/04/2007                                    CV 2007 000085.00
```

```
AVSO351                                                    CV 2007 000085.00
```
-------------------------------------------------------------------------
```
                                         JUDGE: ASSIGNED JUDGE
```
-------------------------------------------------------------------------
```
                      ALABAMA JUDICIAL DATA CENTER
                         CASE ACTION SUMMARY
                           CIRCUIT CIVIL
```
-------------------------------------------------------------------------
```
   IN THE CIRCUIT  COURT OF  MACON        COUNTY
   RELIA A. SCOTT AS ADM. OF THE ESTATE OF NATHAN BILLINS VS  FORD MOTOR
   FILED: 07/09/2007 TYPE: WRONGFUL DEATH      TYPE TRIAL: JURY    TRACK:
**************************************************************************
DATE1:            CA:                   CA DATE:
DATE2:            AMT:          $.00  PAYMENT:
DATE3:
**************************************************************************
   08/20/2007   D001-PROTECTIVE ORDER /DOCKETED
   08/20/2007   D001-PROTECTIVE ORDER /DOCKETED
   09/05/2007   NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY
   09/10/2007   PLAINTIFF LINDA EMMERS' RESPONSES TO FORD MOTOR
   09/10/2007    COMPANY'S REQUEST FOR ADMISSION
   09/10/2007   PLAINTIFF SUSIE M. EMMERS' RESPONSES TO FORD MOTOR
   09/10/2007    COMPANY'S REQUEST FOR ADMISSION
   09/10/2007   PLAINTIFF BONITA BILLINGS' RESPONSES TO FORD MOTOR
   09/10/2007     COMPANY'S REQUEST FOR ADMISSION
   09/10/2007   PLAINTIFF ARTHUR BILLINGS' RESPONSES TO FORD MOTOR
   09/10/2007    COMPANY'S REQUEST FOR ADMISSION
   09/10/2007   PLAINTIFF RELIA ANN SCOTT'S RESPONSES TO FORD MOTO
   09/10/2007    COMPANY'S REQUEST FOR ADMISSION
   09/10/2007   NOTICE OF SERVICE OF DISCOVERY DOCUMENTS
   09/17/2007   NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY
   09/18/2007   NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY
   09/18/2007   NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY
   09/18/2007   NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY
   09/25/2007   NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY
```

-------|----------------------------------------------------------------
-------|----------------------------------------------------------------
-------|----------------------------------------------------------------
-------|-------- I, David R. Love, Jr., Clerk of Macon County ----------
-------|-------- Circuit Court of Alabama, do hereby certify -----------
               that the foregoing is a full, true and correct
-------|-------- copy of the instrument(s) herewith set out ------------
               as same appears of record in said Court.
-------|-------- Witness my hand this ____ day -------------------------
               of Oct ,2007
-------|-------- David R. Love, Jr. ------------------------------------
EH  10/04/2007   **Clerk, Macon County Circuit Court**      CV 2007 000085.00

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA A. SCOTT, as Administratrix &ast;
of the Estate of NATHAN BILLINGS, &ast;
Deceased; ARTHUR BILLINGS & &ast;
BONITA BILLINGS, Individually & &ast;
as Next Friend of B_____ &ast;
B_____, a minor; SUSIE M. &ast;    CIVIL ACTION NO.  CV 07-85
EMMERS, as Administratrix of the &ast;
Estate of APRIL JONES EMMERS, &ast;
Deceased; LINDA EMMERS, &ast;
Individually & as Next Friend of &ast;
A_____ E_____, a minor; &ast;
and HAROLD EMMERS III, &ast;
&ast;
    Plaintiffs, &ast;
&ast;
vs. &ast;
FORD MOTOR COMPANY, &ast;
KEITH BLAKEMORE d/b/a KB CAR &ast;
CARE, HAROLD EMMERS, JR., et al., &ast;

---

HAROLD EMMERS, JR., &ast;
&ast;
    Crossclaim/Plaintiff, &ast;
vs. &ast;
&ast;    CIVIL ACTION NO.  CV 07-85
FORD MOTOR COMPANY, &ast;
KEITH BLAKEMORE d/b/a KB CAR &ast;
CARE, and FICTITIOUS Defendants, &ast;
&ast;
    Crossclaim/Defendants. &ast;

## DEFENDANT'S HAROLD EMMERS, JR. ANSWER TO COMPLAINT AND CROSSCLAIM AGAINST DEFENDANT FORD MOTOR COMPANY

Comes now the Defendant Harold Emmers, Jr. and Answer the Plaintiffs' Complaint as follows:

1.    Defendant is without knowledge as to the allegations in paragraph 1 of the Complaint.

2.    Defendant is without knowledge as to the allegations in paragraph 2 of the

Complaint.

3.     Defendant is without knowledge as to the allegations in paragraph 3 of the Complaint.

4.     Defendant is without knowledge as to the allegations in paragraph 4 of the Complaint.

5.     Defendant admits the allegations in paragraph 5 of the Complaint.

6.     Defendants admits the allegations in paragraph 6 of the Complaint.

7.     Defendants admits the allegations the allegations in paragraph 7 of the Complaint.

8.     Defendant admits the allegations in paragraph 8 of the Complaint.

9.     Defendant admits the allegations in paragraph 9 of the Complaint.

10.    Defendant admits the allegations in paragraph 10 of the Complaint.

11.    Defendant admits the allegations in paragraph 11 of the Complaint.

12.    Defendant admits the allegations in paragraph 12 of the Complaint.

13.    Defendant admits the allegations in paragraph 13 of the Complaint.

14.    Defendant admits the allegations in paragraph 14 of the Complaint.

15.    Defendant admits the allegations in paragraph 15 of the Complaint.

16.    Defendant admits the allegations in paragraph 16 of the Complaint.

17.    Defendant admits the allegations in paragraph 17 of the Complaint.

18.    Defendant admits the allegations in paragraph 18 of the Complaint.

19.    Defendant admits the allegations in paragraph 19 of the Complaint.

20.    Defendant admits the allegations in paragraph 20 of the Complaint.

21.    Defendant is without knowledge of information as to the allegations in

paragraph 21 of the Complaint.

22.    Defendant admits the allegations in paragraph 22 of the Complaint.

23.    Defendant admits the allegations in paragraph 23 of the Complaint.

24.    Defendant admits the allegations in paragraph 24 of the Complaint.

25.    Defendant admits the allegations in paragraph 25 of the Complaint.

26.    Defendant admits the allegations in paragraph 26 of the Complaint.

27.    Defendant incorporates by reference his responses to the allegations set forth in paragraphs 1-26 above.

28.    Defendant admits the allegations in paragraph 28 of the Complaint.

29.    Defendant neither admits nor deny because paragraph 29 of the Complaint does not contain any allegations.

30.    This allegation (30) is directed to Defendant Ford Motor Company.

31.    This allegation (31) is directed to Defendant Ford Motor Company.

32.    This allegation (32) is directed to Defendant Ford Motor Company.

33.    This allegation (33) is directed to Defendant Ford Motor Company.

34.    This allegation (34) is directed to Defendant Ford Motor Company.

35.    Defendant incorporates by reference his responses to the allegations set forth in paragraphs 1-34 above.

36.    The allegation is directed to this Defendant Ford Motor Company in paragraph 36 of the Complaint.

37.    The allegations in paragraph 37 of the Complaint are not directed to this Defendant.

38.    The allegations in paragraph 38 of the Complaint are not directed to this

3

Defendant.

39.     Defendant denies the allegations in paragraph 39 of the Complaint.

40.     The allegations in paragraph 40 of the Complaint are not directed to this Defendant.

41.     The allegations in paragraph 41 of the Complaint are not directed to this Defendant.

42.     Defendant denies he was negligent or combined or concurred in negligence that led to the injuries in this case.

43.     Defendant incorporates by reference his responses to the allegations set forth in paragraphs 1-42 above.

44.     The allegations in paragraph 44 of the Complaint are not directed to this Defendant.

45.     The allegations in paragraph 45 of the Complaint are not directed to this Defendant.

46.     The allegations in paragraph 46 of the Complaint are not directed to this Defendant.

47.     Defendant incorporates by reference his responses to the allegations set forth in paragraphs 1-47 above.

48.     This allegation (48) is directed to Defendant Ford Motor Company.

49.     This allegation (49) is directed to Defendant Ford Motor Company.

50.     This allegation (50) is directed to Defendant Ford Motor Company.

51.     This allegation (51) is directed to Defendant Ford Motor Company.

52.     This allegation (52) is directed to Defendant Ford Motor Company.

4

53.    This allegation (53) is directed to Defendant Ford Motor Company.

54.    Defendant incorporates by reference his responses to the allegations set forth in paragraphs 1-48 above.

55.    The allegations in paragraph 55 of the Complaint are not directed to this Defendant.

56.    The allegations in paragraph 56 of the Complaint are not directed to this Defendant.

57.    Defendant incorporates by reference his responses to the allegations set forth in paragraphs 1-57 above.

58.    The allegations in paragraphs 58 thru 63 of the Complaint are not directed to this Defendant.


## CROSSCLAIM PLAINTIFF'S HAROLD EMMERS, JR. COMPLAINT AGAINST DEFENDANT FORD MOTOR COMPANY

COME NOW, the Crossclaim Plaintiff, Harold Emmers, Jr. in the above-styled action and file this Crossclaim Complaint against Defendant Ford Motor Company.

Statement of the Parties

1.    Defendant, Ford Motor Company, is a foreign corporation doing business in Macon County, Alabama and in the State of Alabama at large through its agents. Defendant is in the business of designing, manufacturing, assembling and distributing motor vehicles for use by ordinary customers such as Crossclaim Plaintiff.

2.    Defendant Keith Blakemore d/b/a KB Car Care is an unincorporated business operating in Harris County, Texas. Defendant, Keith Blakemore d/b/a KB Car

Care, is in the business of providing automotive maintenance and repair services to ordinary customers such as Crossclaim Plaintiff.

3.     Fictitious Defendant A, whether singular or plural, is that person, corporation, or other legal entity who or which designed, manufactured and marketed the 2002 Ford Econoline E350 van bearing VIN 1FBSS31S42HA33919 involved in the occurrence made the basis of this Complaint, or any component of it;

4.     Fictitious Defendant B, whether singular or plural, is that person, corporation, or other legal entity who or which had any role in the distributive chain regarding the 2002 Ford Econoline E350 van bearing VIN 1FBSS31S42HAR33919 involved in the occurrence made the basis of this Complaint, or any component of it;

5.     Fictitious Defendant C, whether singular or plural, is that person, corporation, or other legal entity who or which had any role in the distributive chain regarding the 2002 Ford Econoline E350 van bearing VIN 1FBSS31 S42HA33919 involved in the occurrence made the basis of this Complaint, or any component of it;

6.     Fictitious Defendant D, whether singular or plural, is that person, corporation, or other legal entity who or which, prior to the occurrence made the basis of this lawsuit, altered or repaired the 2002 Ford Econoline E350 van bearing VIN 1FBSS31S42HA33919 involved in the occurrence made the basis of this Complaint, or any component of it;

7.     Fictitious Defendant E, whether singular or plural, is that person, corporation, or other legal entity who or which conducted safety inspections or analyses with respect to the 2002 Ford Econoline E350 van bearing Fictitious Defendant C, whether singular or plural, is that person, corporation, or other legal entity who or which

6

had any role in the distributive chain regarding the 2002 Ford Econoline E350 van bearing VIN 1FBSS31S42HA33919 involved in the occurrence made the basis of this Complaint, or any component of it;

8.    Fictitious Defendant F, whether singular or plural, is that person, corporation or other legal entity, other than those described above, whose negligence, intentional conduct, willfulness, breach of conduct, wantonness, or other wrongful conduct contributed to cause the occurrence and damages made the basis of this Complaint;

9.    Fictitious Defendant G, whether singular or plural, is that person, corporation or other legal entity which is the successor-in-interest to any of those entities described above;

10.    Plaintiffs aver that Defendants A through G are otherwise unknown to Plaintiffs at this time, or if their names are known to Crossclaim Plaintiff, their identities as proper party Defendants are not known to Crossclaim Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

Statement of the Facts

11.    On or about August 6, 2005, a 2002 Ford Econoline E350 15-passenger van bearing VIN 1FBSS31S42HA33919 (hereafter referred to as the van) operated by Crossclaim Plaintiff Harold Emmers, Jr., was on a return trip from Atlanta to Houston following a national church convention attended by its eight occupants.

12.    After leaving Atlanta and traveling some 100 miles to Macon County, Alabama, the van veered onto the left shoulder.

13.    Crossclaim Plaintiff attempted to steer the vehicle back onto the road and the van began rolling over.

7

14.     As the van rolled over after loss of control, its roof collapsed, the glazing broke out, and the seating and restraint systems failed.

15.     As a proximate result of the loss of control and rollover, Crossclaim Plaintiff sustained physical and psychological injuries.

16.     The van was being used as intended and in a reasonably and foreseeable manner.

17.     The van was in an unaltered condition from the time of date of manufacture and sale.

18.     The van was serviced shortly before the incident by Keith Blakemore d/b/a KB Car Care.

## COUNT ONE

(AEMLD against Ford Motor Company and Fictitious Defendants A though G)

19.     Crossclaim Plaintiff incorporate here the allegations of paragraphs 1 through 18 as if set out here in full.

19.     The van was designed, manufactured, distributed and sold by Defendant Ford Motor Company and Fictitious Defendants A through G.

20.     This claim is brought in part pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

21.     The van was defective and unreasonably dangerous for its intended and foreseeable use.

22.     The van at the time of the accident was without substantial change in the condition in which it was manufactured.

23.     The van is defective and unreasonably dangerous in:

a.    design, manufacture, and/or marketing as it relates to the vehicle's characteristics for stability, handling, and/or roll over propensities;

b.    design and manufacture of the restraint system;

c.    design and manufacture of the window and glazing systems;

d.    design and manufacture as it relates to the protection provided to occupants in foreseeable collisions including rollovers.

24.    The defective condition of the van was the proximate cause of the Crossclaim Plaintiff injuries.

25.    As a proximate result of the defective nature of the van, Crossclaim Plaintiff sustained physical and psychological injuries.

WHEREFORE, Crossclaim Plaintiff demand judgment against Defendant Ford Motor Company and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

COUNT TWO

(Negligence against Ford Motor Company, Keith Blakemore d/b/a KB Car Care and Fictitious Defendants A through G)

26.    Crossclaim Plaintiff incorporate here the allegations of paragraphs 1 through 25 as if set out here in full.

27.    Defendant Ford Motor Company negligently designed, manufactured, tested, sold or otherwise placed into the stream of commerce the dangerous van.

28.    Defendant Ford Motor Company negligently warned or failed to warn regarding the dangers from foreseeable use of the product (the van).

29.    Defendant Keith Blakemore d/b/a KB Car Care negligently serviced the

9

van.

30.    Fictitious Defendants A through G negligently designed, manufactured, tested, sold, repaired, maintained, inspected or failed to inspect the dangerous van.

31.    Fictitious Defendants A through G negligently warned or failed to warn regarding the dangers from foreseeable use of the van.

32.    As a proximate result of the negligence of some or all of the Defendants and the combined and concurring negligence of the Defendants, Crossclaim Plaintiff sustained physical and psychological injuries.

WHEREFORE, Crossclaim Plaintiff demand judgment against Defendants Ford Motor Company, Keith Blakemore d/b/a KB Car Care, and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

COUNT THREE

(Wantonness against Ford Motor Company and Fictitious Defendants A through G)

33.    Crossclaim Plaintiff incorporate here the allegations of paragraphs 1 through 32 as if set out here in full.

34.    Defendant Ford Motor Company and Fictitious Defendants A through G negligently designed, manufactured, tested, sold or otherwise placed into the stream of commerce the dangerous van.

35.    The aforesaid Defendants wantonly warned or failed to warn regarding the dangers from foreseeable use of the van.

36.    As a proximate result of the wantonness of these Defendants, Crossclaim Plaintiff sustained physical and psychological injuries.

10 .

WHEREFORE, Crossclaim Plaintiff demand judgment against Defendant Ford Motor Company and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

## COUNT FOUR

(Breach of Express and Implied Warranties against Ford Motor Company and Fictitious Defendants A through G)

37.    Crossclaim Plaintiff incorporate here the allegations of paragraphs 1 through 36 as if set out here in full.

38.    The van is "goods" as defined by the Alabama Uniform Commercial Code ("UCC") and, at the time though G were the van was sold, Defendant Ford Motor Company and Fictitious Defendants A each a "merchant" with respect to goods of this kind.

39.    Defendant Ford Motor Company and Fictitious Defendants A though G sold a defective product warranting, among purpose intended dangerous propensities injuries to Crossclaim Plaintiff and marketed that product in a defective manner by expressly and impliedly other things, that the van was of merchantable quality and was safe and fit for the when used in an ordinary manner; and by not giving adequate warnings of the of Ford Econoline E350 vans, including the van that rolled over and caused on August 6, 2005.

40.    Defendant Ford Motor Company and Fictitious Defendants A though G breached the aforesaid express   and implied warranties in the following particulars, among others:

a.    Selling vans that were not of merchantable quality, including the van that

11

rolled over and caused injuries to Crossclaim Plaintiff on August 6, 2005;

b.    Selling vans that were not safe for the purpose intended when used under ordinary conditions and in an ordinary manner, including the van that rolled over and caused injuries to Crossclaim Plaintiff on August 6, 2005; and

c.    Not giving adequate warning of the dangerous propensities of the Econoline E350 vans, including the van that rolled over and caused injuries to Crossclaim Plaintiff on August 6, 2005.

41.    Defendant Ford Motor Company and Fictitious Defendants A through G expressly warranted that Ford Econoline E350 vans were safe and fit for the purpose for which they were designed.

42.    Defendant Ford Motor Company and Fictitious Defendants A though G breached one or more of the aforesaid warranties.

43.    As a proximate result of the aforesaid breach of warranties by Defendant Ford Motor Company and Fictitious Defendants A through G. Crossclaim Plaintiff sustained physical and psychological injuries.

WHEREFORE, Crossclaim Plaintiff demand judgment against Ford Motor Company and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

## COUNT FIVE

(Negligent and/or Wanton Failure to Warn of and/or Adequately Safeguard Against Deadly Hazards as to Ford Motor Company and Fictitious Defendants A through G)

44.    Crossclaim Plaintiff incorporate here the allegations of paragraphs 1

12

through 43 as if set out here in full.

45.    At the aforesaid time and place, and prior thereto, Defendant Ford Motor Company and Fictitious Defendants A through G negligently and/or wantonly failed to adequately warn of and/or safeguard against the deadly hazards presented by the aforesaid van.

46.    As a proximate result of the negligent and/or wanton failure of the Defendant Ford Motor Company and Fictitious Defendants A through G to adequately warn of and/or safeguard against said hazards, the Plaintiff sustained physical and psychological injuries.

WHEREFORE, Crossclaim Plaintiff demand judgment against Defendant Ford Motor Company and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

## COUNT SIX

(Crash worthiness as to Ford Motor Company and Fictitious Defendants A though G)

47.    Crossclaim Plaintiff reallege all allegations contained in paragraphs 1 through 46 as if set out here in full.

48.    Defendant Ford Motor Company and Fictitious Defendants A through G sold, distributed or otherwise placed into the stream of commerce the subject 2002 Ford Econoline E350 van and the component parts thereof.

49.    The van as designed and distributed was unreasonably dangerous in that the vehicle was not crashworthy due to its weak roof structure, inadequate seating and restraint systems, and use of tempered glass in the side windows.

50.    Said Defendants failed to warn or otherwise notify the intended user or

13

consumer of the dangerously defective conditions.

51.    The van was not crashworthy in that the vehicle failed to provide reasonable protection to its occupants in a reasonably foreseeable crash mode.

52.    The weak roof structure, inadequate seating and restraint systems, and tempered glass in the side window locations allowed the roof to collapse and the occupants to become improperly restrained and contained within the van.  Crossclaim Plaintiff was injured in the rollover.

53.    As a proximate consequence of the lack of crash worthiness, Crossclaim Plaintiff sustained physical and psychological injuries.

WHEREFORE, Crossclaim Plaintiff demand judgment against Defendant Ford Motor Company and Fictitious Defendants A through G for compensatory determined by the jury in accordance with Alabama  and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

Respectfully Submitted,

/s/ Robert Simms Thompson
Robert Simms Thompson, P.C.
Tiffany N. Johnson
Attorneys for Crossclaim Plaintiff
308 North Elm Street
Tuskegee, Alabama 36083
(334) 727-6463

## CERTIFICATE OF SERVICE

I hereby certify that I have this date 17th September,  2007, served an exact copy of  the foregoing upon the following counsel(s) of record by depositing a copy of the same in the US Mail, properly addressed with first class postage prepaid thereon:

14

Walter E. McGowan
Gray, Langford, Sapp, McGowan,
  Gray, & Nathanson, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239

H. Lanier Brown
HUIE , FERNAMBUCQ & STEWART
Three Protective Center
2801 Highway 280, South
Suite 200
Birmingham, AL 35223

        /s/ Robert Simms Thompson
        Robert Simms Thompson, P.C.

15

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA ANN SCOTT, et al.,                    )

      Plaintiffs,                              )

vs.                                         )    CIVIL ACTION NO. 07-85

FORD MOTOR COMPANY, et al.,                 )

      Defendants.                              )

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service

of this notice that the Plaintiff will apply to the Clerk of this Court for issuance of the

attached subpoena directed to:

Alabama Department of Forensic Sciences, Headquarters
Attention: Records Department
991 Wire Road
Auburn, Alabama 36830

to produce the documents or things at the time and place specified in the subpoena
regarding Nathan Joseph Billings, Case No.05MM00447.

                    _Walter E. McGowan /090_
                    Walter E. McGowan
                    Attorneys for Plaintiffs

OF COUNSEL:

GRAY, LANGFORD, SAPP, McGOWAN,
 GRAY & NATHANSON, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239
 (Telephone) 334/727-4830
 (Facsimile)  334/727-5877

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA ANN SCOTT, et al.,                )

      Plaintiffs,                          )

vs.                                     )    CIVIL ACTION NO. 07-85

FORD MOTOR COMPANY, et al.,             )

      Defendants.                          )


## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service

of this notice that the Plaintiff will apply to the Clerk of this Court for issuance of the

attached subpoena directed to:

**Montgomery Highway Patrol**
**Traffic Homicide Unit**
**Attention: Sherry Hester, Records**
**301 South Ripley Street**
**Montgomery, Alabama 36104**

to produce the documents or things at the time and place specified in the subpoena
regarding the accident made the basis of this suit.

*Walter E. McGowan*
Walter E. McGowan
Attorneys for Plaintiffs

OF COUNSEL:

GRAY, LANGFORD, SAPP, McGOWAN,
 GRAY & NATHANSON, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239
(Telephone) 334/727-4830
(Facsimile) 334/727-5877

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA ANN SCOTT, et al.,                    )

     Plaintiffs,                         )

vs.                                          )    CIVIL ACTION NO. 07-85

FORD MOTOR COMPANY, et al.,                  )

     Defendants.                         )

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service

of this notice that the Plaintiff will apply to the Clerk of this Court for issuance of the

attached subpoena directed to:

Alabama Department of Forensic Sciences, Headquarters
Attention: Records Department
991 Wire Road
Auburn, Alabama 36830

to produce the documents or things at the time and place specified in the subpoena
regarding April Emmers, Case No. 05MM00448.

                                    Walter E. McGowan
                                      Attorneys for Plaintiffs

OF COUNSEL:

GRAY, LANGFORD, SAPP, McGOWAN,
 GRAY & NATHANSON, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239
(Telephone) 334/727-4830
(Facsimile) 334/727-5877

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA ANN SCOTT, et al.,    )
                                )

      Plaintiffs,      )
                                )

    v.               ) Civil Action No. 07-85
                                )

FORD MOTOR COMPANY, et al.,    )
                                )

      Defendants.      )

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Please take notice that upon the expiration of fifteen (15) days (or such other time as the Court has allowed) from the date of service of this Notice, Defendant, Ford Motor Company, will apply to the Clerk of this court for issuance of the attached subpoenas directed to:

Peoples Funeral Home
500 Fonville Street
Tuskegee, AL 36083

HAL E. BENTLEY
Macon County Coroner
500 Fonville Street
Tuskegee, Alabama   36083

_____
H. Lanier Brown, II
Attorneys for Defendant,
FORD MOTOR COMPANY

**OF COUNSEL:**

HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone: (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify that on the ___12th___ day of _____, 2007, I have mailed by United States Postal Service, Ford Motor Company's Notice of Intent, to the following

Walter McGowan, Esq.
GRAY, LANGFORD, SAPP, McGOWAN, GRAY,
 GRAY & NATHANSON, P.C.
P. O. Box 830239
Tuskegee, AL 36083-0239

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

_____
H. Lanier Brown, II
Attorneys for Defendant,
FORD MOTOR COMPANY

2

# HUIE, FERNAMBUCQ & STEWART, LLP

### ATTORNEYS AT LAW

EUGENE D. MARTENSON
STANLEY A. CASH
JAMES R. SHAW
ROBERT M. GIRARDEAU
JOHN S. CIVILS, JR.
FRANK E. LANKFORD, JR.
M. KEITH GANN
CHARLES H. CLARK, JR.
JOHN D. HERNDON
J. ALLEN SYDNOR, JR.
D. ALAN THOMAS
WILLIAM G. GANTT
T. KELLY MAY
CHRISTOPHER S. RODGERS
WALTER J. PRICE, III
H. LANIER BROWN, II

GREGORY L. SCHUCK
PHILIP R. COLLINS
THOMAS E. BAZEMORE, III
R. GORDON SPROULE, JR.*
MARTHA LEACH THOMPSON
PAUL F. MALEK**
H. CANNON LAWLEY
ANNA-KATHERINE G. BOWMAN
JANE G. HALL
C. JEFFERY ASH
JENNIFER D. SEGERS
MICHELLE K. PIERONI
BRADLEY J. McGIBONEY
DAVID L. BROWN, JR.
J. PATRICK STRUBEL
GERALD C. BROOKS, JR.***

THREE PROTECTIVE CENTER
2801 HIGHWAY 280 SOUTH
SUITE 200
BIRMINGHAM, ALABAMA 35223-2484
TELEPHONE (205) 251-1193
FACSIMILE (205) 251-1256
WWW.HFSLLP.COM

Direct Dial No. 205/297-8839
E-Mail Address: HLB@HFSLLP.COM

CHARLES J. FLEMING, JR.
S.A. BRADLEY BAKER, III
JASON M. KIRSCHBERG
M. JEREMY DOTSON
JOSEPH R. DUNCAN, JR.
DAVID M. FLEMING
JEFFREY N. WINDHAM
JAMES R. LAWRENCE, III
JOHN I. SOUTHERLAND
DOUGLAS R. KENDRICK
JACOB W. CRAWFORD
J. BRANNON MANER
GORDON J. BRADY, III
R. CADE PARIAN
MICHAEL T. SCIVLEY
LUCAS G. MONTGOMERY

ALSO MEMBER
*GEORGIA BAR
**KENTUCKY BAR
***MISSISSIPPI BAR

THOMAS B. HUIE
1915-1990
WILLIAM B. FERNAMBUCQ
1922-1997
CHARLES A. STEWART, JR.
1923-1983

September 12, 2007

Hon. Eddie D. Mallard
Macon County Circuit Court Clerk
Macon County Courthouse
101 E. Northside Street
PO Box 830723
Tuskegee, AL 36083

Re:   *Relia Ann Scott, et al. v. Ford Motor Company*
      In the Circuit Court for Macon County, Alabama
      Civil Action No. CV-07-85

Dear Mr. Mallard:

Enclosed please find an original and one copy of the Defendant's Notice of Intent. Please file stamp the copy and return it to me in the self-addressed, stamped envelope provided.

By copy of this correspondence, I am serving all counsel of record with a copy of the above as well as the Rule 45 Non-Party Subpoenas to be served by the Macon County Sheriff.

Thank you for your assistance.

Sincerely yours,

HUIE, FERNAMBUCQ AND STEWART

By _____
      H. Lanier Brown, II

Enclosures

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA ANN SCOTT, et al.,

Plaintiffs,

v.

FORD MOTOR COMPANY, et al.,

Defendants.

§
§
§
§
§
§
§
§
§
§

Civil Action No. 07-85

## PLAINTIFF LINDA EMMERS' RESPONSES
## TO FORD MOTOR COMPANY'S REQUESTS FOR ADMISSION

COMES NOW the Plaintiff, Linda Emmers, and responds to the requests for admission propounded upon her by Defendant Ford Motor Company as follows:

1.    That you, your individual capacity, seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:   Admit, although Plaintiff has not pled a specific amount for such damages.

2.    That you, in your individual capacity, do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:   Deny, although Plaintiff has not pled a specific amount for such damages.

3.    That the amount in controversy between the parties in this case is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:   Admit.

4.    That you, as duly appointed Administratrix and Personal Representative of the Estate of April Jones Emmers, seek to recover from these Defendants monetary damages in this case in

excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE: Deny. Susie M. Emmers is the administratrix.

5.    That you, duly appointed Administratrix and Personal Representative of the Estate of April Jones Emmers, do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE: Admit. Susie M. Emmers is the administratrix.

6.    That you, in your individual capacity, seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE: Admit, although Plaintiff has not pled a specific amount for such damages.

7.    That you, in your individual capacity, do not seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE: Deny, although Plaintiff has not pled a specific amount for such damages.

8.    That you, in your individual capacity, seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE: Admit, although Plaintiff has not pled a specific amount for such damages.

9.    That you, in your individual capacity, do not seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE: Deny, although Plaintiff has not pled a specific amount for such damages.

DONE this the __7__ day of September, 2007.

Respectfully submitted,

Robert E. Ammons (admitted pro hac vice)
The Ammons Law Firm
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:    713-523-1606
Facsimile:    713-523-4159

Walter McGowan (MCG016)
Gray, Langford, Sapp, McGowan, Gray,
 Gray  & Nathanson, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239
Telephone:    334-727-4830
Facsimile:    334-727-5877

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of the Court and have placed a copy of the foregoing to the attorneys/parties below through e-filing or by United States Mail, postage prepaid and properly addressed, on this the __7__ day of September, 2007.

D. Alan Thomas
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Robert E. Ammons
Of Counsel

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA ANN SCOTT, et al.,                    §
                                            §
          Plaintiffs,                       §
                                            §     Civil Action No. 07-85
     v.                                     §
                                            §
FORD MOTOR COMPANY, et al.,                 §
                                            §
          Defendants.                       §

## PLAINTIFF SUSIE M. EMMERS' RESPONSES
## TO FORD MOTOR COMPANY'S REQUESTS FOR ADMISSION

COMES NOW the Plaintiff, Susie M. Emmers, and responds to the requests for admission

propounded upon her by Defendant Ford Motor Company as follows:

1.     That you seek to recover from these Defendants monetary damages in this case in

excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  As administratrix of the estate of April Jones Emmers, admit, although

Plaintiff has not pled a specific amount for such damages.

2.     That you do not seek to recover from these Defendants monetary damages in this case

in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and

costs.

RESPONSE:  As administratrix of the estate of April Jones Emmers, deny, although Plaintiff

has not pled a specific amount for such damages.

3.     That the amount in controversy between the parties in this case is in excess of

SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit.

DONE this the _7_ day of September, 2007.

Respectfully submitted,

Robert E. Ammons (admitted pro hac vice)
The Ammons Law Firm
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:    713-523-1606
Facsimile:    713-523-4159

Walter McGowan (MCG016)
Gray, Langford, Sapp, McGowan, Gray,
 Gray  & Nathanson, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239
Telephone:    334-727-4830
Facsimile:    334-727-5877

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of the Court and have placed a copy of the foregoing to the attorneys/parties below through e-filing or by United States Mail, postage prepaid and properly addressed, on this the __7__ day of September, 2007.

D. Alan Thomas
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Robert E. Ammons
Of Counsel

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA ANN SCOTT, et al.,                    §
                                            §
          Plaintiffs,                       §
                                            §        Civil Action No. 07-85
     v.                                     §
                                            §
FORD MOTOR COMPANY, et al.,                 §
                                            §
          Defendants.                       §

## PLAINTIFF BONITA BILLINGS' RESPONSES
## TO FORD MOTOR COMPANY'S REQUESTS FOR ADMISSION

COMES NOW the Plaintiff, Bonita Billings, and responds to the requests for admission propounded upon her by Defendant Ford Motor Company as follows:

1.      That you, your individual capacity, seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:   Admit, although Plaintiff has not pled a specific amount for such damages.

2.      That you, in your individual capacity, do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:   Deny, although Plaintiff has not pled a specific amount for said damages.

3.      That the amount in controversy between the parties in this case is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:   Admit.

4.      That you, as next friend of Bethany Billings, seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100

($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit, although Plaintiff has not pled a specific amount for such damages.

5.    That you, as next friend of B███ B███, do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Deny, although Plaintiff has not pled a specific amount for such damages.

6.    That you, in your individual capacity, seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit, although Plaintiff has not pled a specific amount for such damages..

7.    That you, in your individual capacity, do not seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE: Deny, although Plaintiff has not pled a specific amount for such damages.

8.    That you, in your individual capacity, seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit, although Plaintiff has not pled a specific amount for such damages.

9.    That you, in your individual capacity, do not seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Deny, although Plaintiff has not pled a specific amount for such damages.

DONE this the _7_ day of September, 2007.

Respectfully submitted,

Robert E. Ammons (admitted pro hac vice)
The Ammons Law Firm
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:    713-523-1606
Facsimile:    713-523-4159

Walter McGowan (MCG016)
Gray, Langford, Sapp, McGowan, Gray,
 Gray & Nathanson, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239
Telephone:    334-727-4830
Facsimile:    334-727-5877

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of the Court and have placed a copy of the foregoing to the attorneys/parties below through e-filing or by United States Mail, postage prepaid and properly addressed, on this the __7__ day of September, 2007.

D. Alan Thomas
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Robert E. Ammons
Of Counsel

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA ANN SCOTT, et al.,                §
                                        §
         Plaintiffs,                    §
                                        §
     v.                                 §     Civil Action No. 07-85
                                        §
FORD MOTOR COMPANY, et al.,             §
                                        §
         Defendants.                    §

## PLAINTIFF ARTHUR BILLINGS' RESPONSES
## TO FORD MOTOR COMPANY'S REQUESTS FOR ADMISSION

COMES NOW the Plaintiff, Arthur Billings, and responds to the requests for admission propounded upon him by Defendant Ford Motor Company as follows:

1.    That you, your individual capacity, seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:   Admit, although Plaintiff has not pled a specific amount for said damages.

2.    That you, in your individual capacity, do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:   Deny, although Plaintiff has not pled a specific amount for said damages.

3.    That the amount in controversy between the parties in this case is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:   Admit.

4.    That you, as next friend of B██████ B██████, seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100

($75,000.00) exclusive of interest and costs.

    RESPONSE:  Admit, although Plaintiff has not pled a specific amount for said damages.

    5.    That you, as next friend of B██████ B██████, do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

    RESPONSE:  Deny, although Plaintiff has not pled a specific amount for said damages.

    6.    That you, in your individual capacity, seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

    RESPONSE:  Admit, although Plaintiff has not pled a specific amount for said damages.

    7.    That you, in your individual capacity, do not seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

    RESPONSE: Deny, although Plaintiff has not pled a specific amount for said damages.

    8.    That you, in your individual capacity, seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

    RESPONSE:  Admit, although Plaintiff has not pled a specific amount for said damages.

    9.    That you, in your individual capacity, do not seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

    RESPONSE:  Deny, although Plaintiff has not pled a specific amount for said damages.

    DONE this the _7_ day of September, 2007.

Respectfully submitted,

Robert E. Ammons (admitted pro hac vice)
The Ammons Law Firm
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:    713-523-1606
Facsimile:    713-523-4159

Walter McGowan (MCG016)
Gray, Langford, Sapp, McGowan, Gray,
 Gray  & Nathanson, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239
Telephone:    334-727-4830
Facsimile:    334-727-5877

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of the Court and have placed a copy of the foregoing to the attorneys/parties below through e-filing or by United States Mail, postage prepaid and properly addressed, on this the _7_ day of September, 2007.

D. Alan Thomas
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Robert E. Ammons
Of Counsel



IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA ANN SCOTT, et al.,                §
                                        §
        Plaintiffs,                     §
                                        §       Civil Action No. 07-85
    v.                                  §
                                        §
FORD MOTOR COMPANY, et al.,             §
                                        §
        Defendants.                     §

## PLAINTIFF RELIA ANN SCOTT'S RESPONSES
## TO FORD MOTOR COMPANY'S REQUESTS FOR ADMISSION

COMES NOW the Plaintiff, Relia Ann Scott, and responds to the requests for admission propounded upon her by Defendant Ford Motor Company as follows:

1.      That you seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  In my capacity as administratrix of the estate of Nathan Billings, admit, although Plaintiff has not pled a specific amount for such damages.

2.      That you do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  In my capacity as administratrix of the estate of Nathan Billings, deny, although Plaintiff has not pled a specific amount for such damages.

3.      That the amount in controversy between the parties in this case is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit.

DONE this the _7_ day of September, 2007.

Respectfully submitted,

Robert E. Ammons (admitted pro hac vice)
The Ammons Law Firm
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:    713-523-1606
Facsimile:     713-523-4159

Walter McGowan (MCG016)
Gray, Langford, Sapp, McGowan, Gray,
 Gray  & Nathanson, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239
Telephone:    334-727-4830
Facsimile:     334-727-5877

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of the Court and have placed a copy of the foregoing to the attorneys/parties below through e-filing or by United States Mail, postage prepaid and properly addressed, on this the  _7_  day of September, 2007.

D. Alan Thomas
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Robert E. Ammons
Of Counsel

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA ANN SCOTT, et al.,                    §
                                            §
              Plaintiffs,                   §
                                            §
       v.                                   §     Civil Action No. 07-85
                                            §
FORD MOTOR COMPANY, et al.,                 §
                                            §
              Defendants.                   §



## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:    Circuit Court Clerk
       Macon County Courthouse

       PLEASE TAKE NOTICE that the Plaintiffs, RELIA ANN SCOTT, et al., have on this the 7 day of September, 2007, served the following discovery pleadings:

1.     Plaintiff Susie M. Emmers' Responses to Ford Motor Company's Requests for Admission;
2.     Plaintiff Relia Ann Scott's Responses to Ford Motor Company's Requests for Admission;
3.     Plaintiff Linda Emmers' Responses to Ford Motor Company's Requests for Admission;
4.     Plaintiff Bonita Billings' Responses to Ford Motor Company's Requests for Admission; and
5.     Plaintiff Arthur Billings' Responses to Ford Motor Company's Requests for Admission.


                                    Robert E. Ammons (admitted pro hac vice)
                                    Attorney for Plaintiffs

OF COUNSEL:
The Ammons Law Firm
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:      713-523-1606
Facsimile:      713-523-4159


Walter McGowan (MCG016)
Gray, Langford, Sapp, McGowan, Gray,
 Gray & Nathanson, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239
Telephone:      334-727-4830
Facsimile:      334-727-5877

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of the Court and have placed a copy of the foregoing to the attorneys/parties below by United States Mail, postage prepaid and properly addressed, on September __7__, 2007.

D. Alan Thomas
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064


Robert E. Ammons

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA ANN SCOTT, et al.,                )
                                         )
          Plaintiffs,                    )
                                         )
     v.                                  ) Civil Action No. 07-85
                                         )
FORD MOTOR COMPANY, et al.,              )
                                         )
          Defendants.                    )

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Please take notice that upon the expiration of fifteen (15) days (or such other time as the Court has allowed) from the date of service of this Notice, Defendant, Ford Motor Company, will apply to the Clerk of this court for issuance of the attached subpoenas directed to:

**Custodian of Records**
**CARE Ambulance**
**1150    Panama Street, South**
**Montgomery, Alabama 36104**

**East Alabama Medical Center**
**Attn: Custodian of Records**
**2000 Pepperell Pkwy.**
**Opelika, AL 36801**
**(All passengers transported)**

**Thrower's Wrecker Service**
**Attn: Custodian of Records**
**903 Notasulga Road**
**Tuskegee, AL 36083**

**ALABAMA DEPARTMENT OF FORENSIC SCIENCES**
**Attn: Records Custodian**
**991 Wire Road**
**Auburn, Alabama   36830**
**(Nathan Billings & April Emmers)**

H. Lanier Brown, II
Attorneys for Defendant,
FORD MOTOR COMPANY

**OF COUNSEL:**

HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone:  (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

    I hereby certify that on the _____ 4th _____ day of ___ Sept. _____, 2007, I have mailed by United States Postal Service, Ford Motor Company's Notice of Intent, to the following

Walter McGowan, Esq.
GRAY, LANGFORD, SAPP, McGOWAN, GRAY,
 GRAY & NATHANSON, P.C.
P. O. Box 830239
Tuskegee, AL 36083-0239

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

_____
H. Lamar Brown, II
Attorneys for Defendant,
FORD MOTOR COMPANY

2

# HUIE, FERNAMBUCQ & STEWART, LLP

### ATTORNEYS AT LAW

EUGENE D. MARTENSON
STANLEY A. CASH
JAMES R. SHAW
ROBERT M. GIRARDEAU
JOHN S. CIVILS, JR.
FRANK E. LANKFORD, JR.
M. KEITH GANN
CHARLES H. CLARK, JR.
JOHN D. HERNDON
J. ALLEN SYDNOR, JR.
D. ALAN THOMAS
WILLIAM G. GANTT
T. KELLY MAY
CHRISTOPHER S. RODGERS
WALTER J. PRICE, III
H. LANIER BROWN, II

GREGORY L. SCHUCK
PHILIP R. COLLINS
THOMAS E. BAZEMORE, III
R. GORDON SPROULE, JR.*
MARTHA LEACH THOMPSON
PAUL F. MALEK**
H. CANNON LAWLEY
ANNA-KATHERINE G. BOWMAN
JANE G. HALL
C. JEFFERY ASH
JENNIFER D. SEGERS
MICHELLE K. PERONI
BRADLEY J. McGIBONEY
DAVID L. BROWN, JR.
J. PATRICK STRUBEL
GERALD C. BROOKS, JR.***

CHARLES J. FLEMING, JR.
S.A. BRADLEY BAKER, III
JASON M. KIRSCHBERG
M. JEREMY DOTSON
JOSEPH R. DUNCAN, JR.
DAVID M. FLEMING
JEFFREY N. WINDHAM
JAMES R. LAWRENCE, III
JOHN I. SOUTHERLAND
DOUGLAS R. KENDRICK
JACOB W. CRAWFORD
J. BRANNON MANER
GORDON J. BRADY, III
R. CADE PARIAN
MICHAEL T. SCIVLEY
LUCAS C. MONTGOMERY

ALSO MEMBER
*GEORGIA BAR
**KENTUCKY BAR
***MISSISSIPPI BAR

THOMAS B. HUIE
1915-1990
WILLIAM B. FERNAMBUCQ
1922-1997
CHARLES A. STEWART, JR.
1923-1983

THREE PROTECTIVE CENTER
2801 HIGHWAY 280 SOUTH
SUITE 200
BIRMINGHAM, ALABAMA 35223-2484
TELEPHONE (205) 251-1193
FACSIMILE (205) 251-1256
WWW.HFSLLP.COM

Direct Dial No. 205/297-8839
E-Mail Address: HLB@HFSLLP.COM

September 4, 2007

Hon. Eddie D. Mallard
Macon County Circuit Court Clerk
Macon County Courthouse
101 E. Northside Street
PO Box 830723
Tuskegee, AL 36083

Re:   *Relia Ann Scott, et al. v. Ford Motor Company*
      In the Circuit Court for Macon County, Alabama
      Civil Action No. CV-07-85

Dear Mr. Mallard:

Enclosed please find an original and one copy of the Defendant's Notice of Intent. Please file stamp the copy and return it to me in the self-addressed, stamped envelope provided.

By copy of this correspondence, I am serving all counsel of record with a copy of the above as well as the Rule 45 Non-Party Subpoenas to be served by the Macon County Sheriff.

Thank you for your assistance.

Sincerely yours,

HUIE, FERNAMBUCQ AND STEWART

By

H. Lanier Brown, II

Enclosures

# IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA ANN SCOTT, et al.,                    )

    Plaintiffs,                              )

                       )

v.                                          )     **CASE NO. CV-07-85**

                       )

FORD MOTOR COMPANY, et al.,                 )

    Defendants.                              )

## ACCEPTANCE AND WAIVER

TROY KING, Attorney General of the State of Alabama, acknowledges service of the **Notice of Proceeding** in the above-styled cause pursuant to §6-6-227 *Code of Alabama,* 1975 (Attached). The Attorney General, having filed this Acceptance and Waiver in this action, hereby waives any further service upon him of any pleadings, discovery and other matters filed in this cause and presently waives the right to be heard.

Respectfully submitted,

TROY KING, KIN047
ATTORNEY GENERAL

ROSA H. DAVIS, DAV043
ASSISTANT ATTORNEY GENERAL

§6-6-227.  Persons to be made parties; rights of persons not parties.

All persons shall be made parties, who have, or claim, any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.    In any proceeding which involves the validity of a municipal ordinance, or franchise, such municipality shall be made a party and shall be entitled to be heard; and if the statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard.  (Act 1935, No. 355, p. 777; Code 1940, T.7, § 166.)



# ALABAMA STATE BAR

415 Dexter Avenue • Post Office Box 671 • Montgomery, Alabama 36101
Telephone: 334 / 269-1515 • Fax: 334 / 261-6310
www.alabar.org

## STATEMENT

The following information, in response to the application of petitioner, is furnished in compliance with Rule VII, Rules Governing Admission to the Alabama State Bar *(Pro Hac Vice)*:

**PETITIONER:**      Mr. Robert E. Ammons
The Ammons Law Firm, L.L.P.
3700 Montrose Blvd
Houston, TX     77006-0000

**CURRENT APPLICATION:**

Date Application Received:      July 30, 2007
Case No.:      CV07-85
Style:      Relia Ann Scott, et al. vs. Ford Motor Company, et al.
Court/Agency:      Circuit Court of Macon County
Date of Hearing:      August 20, 2007

*[Stamp: FILED IN CIRCUIT CLERKS OFFICE MACON COUNTY, AL 2007 JUL 31 P 3 41 DAVID LOVE CIRCUIT CLERK]*

**LOCAL COUNSEL:**   Mr. Walter Edgar McGowan
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P. O. Box 830239
Tuskegee, AL    36083-0239

APPLICATIONS FOR RULE VII ADMISSION HAVE BEEN MADE BY ABOVE PETITIONER OR OTHER ATTORNEY MEMBERS OF PETITIONER'S FIRM IN THE PRECEDING THREE YEARS AS LISTED:

See Attached

*[Signature: Emily M Farrior]*

PHV Admissions
July 30, 2007

## LAWYERS RENDER SERVICE

**The Ammons Law Firm, L.L.P**

Dates reported: July 30, 2004 - July 30, 2007

| Applicant | Date App Received | Case | Court | G/D/P/M |
|---|---|---|---|---|
| Robert E. Ammons | | | | |
| | 07/30/2007 | CV07-85 | Circuit Court of Macon County | Pending |

IN THE CIRCUIT COURT OF
MACON COUNTY, ALABAMA

RELIA ANN SCOTT, as Administratrix §
of the Estate of NATHAN BILLINGS, §
Deceased; ARTHUR BILLINGS & §
BONITA BILLINGS, Individually & §
as Next Friend of B██████ B███████, §
a minor; SUSIE M. EMMERS, as §
Administratrix of the Estate of APRIL §
JONES EMMERS, Deceased; LINDA §
EMMERS, Individually & as Next §
Friend of A█████ E███████, a minor; §
and HAROLD EMMERS, III, §
§
     Plaintiffs, §
§
§
§    CIVIL ACTION NO. *07-85*
§
§
VS. §
§
§
FORD MOTOR COMPANY, KEITH §
BLAKEMORE d/b/a KB CAR CARE, §
HAROLD EMMERS, JR., and §
FICTITIOUS Defendants A through G, §
Described herein in Paragraphs 9 through §
15, §
§
    Defendants. §

## SUMMONS

This service by certified mail of this Summons and Complaint is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure*. You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant:

    **TO:   Harold Holly Emmers, Jr.**
           **10830 Harvest Sun Drive**
           **Houston, Texas 77064**

Said Defendant is required to serve a copy of a written answer to the Complaint upon:

WALTER E. McGOWAN
GRAY, LANGFORD, SAPP, McGOWAN, GRAY,
GRAY & NATHANSON, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239

attorney for the Plaintiffs. THIS ANSWER MUST BE MAILED OR DELIVERED
WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS
SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR
A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE
MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also
file the original of your Answer with the Clerk of this Court within a reasonable time
afterward.

July 9, 2007
DATED

David Love Jr.
CIRCUIT CLERK

---

## RETURN OF SERVICE

I certify that I personally delivered     *     Served By _____, mail
copy of this order to _____     *     Return receipt dated _____,
on _____, 2007.     *     2007.
                                      *
_____     *     _____
Signature and title of server     *     Signature and time of server

IN THE CIRCUIT COURT OF
MACON COUNTY, ALABAMA

RELIA ANN SCOTT, as Administratrix §
of the Estate of NATHAN BILLINGS, §
Deceased; ARTHUR BILLINGS & §
BONITA BILLINGS, Individually & §
as Next Friend of B███████ B███████, §
a minor; SUSIE M. EMMERS, as §
Administratirx of the Estate of APRIL §
JONES EMMERS, Deceased; LINDA §
EMMERS, Individually & as Next §
Friend of A███████ E███████, a minor; §
and HAROLD EMMERS, III, §
§
     Plaintiffs, §
§
§
§
VS. §
§
§
FORD MOTOR COMPANY, KEITH §
BLAKEMORE d/b/a KB CAR CARE, §
HAROLD EMMERS, JR., and §
FICTITIOUS Defendants A through G, §
Described herein in Paragraphs 9 through §
15, §
§
    Defendants. §

CIVIL ACTION NO. *07-85*

FILED IN
CIRCUIT CLERKS OFFICE
MACON COUNTY, AL
2007 JUL -9 P 2: 52
DAVID LOVE
CIRCUIT CLERK

## SUMMONS

    This service by certified mail of this Summons and Complaint is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure*. You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant:

**TO:    Keith Blakemore d/b/a KB Car Care**
**       4703A Plainfield**
**       Houston, Texas 77036**

    Said Defendant is required to serve a copy of a written answer to the Complaint upon:

WALTER E. McGOWAN
GRAY, LANGFORD, SAPP, McGOWAN, GRAY,
GRAY & NATHANSON, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239

attorney for the Plaintiffs. THIS ANSWER MUST BE MAILED OR DELIVERED
WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS
SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR
A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE
MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also
file the original of your Answer with the Clerk of this Court within a reasonable time
afterward.

_July 9, 2007_                              _David Love Jr._
DATED                                      CIRCUIT CLERK

---

## RETURN OF SERVICE

I certify that I personally delivered      *   Served By _____, mail
copy of this order to _____           *   Return receipt dated _____,
on _____, 2007.                 *   2007.
                                           *
_____           *   _____
Signature and title of server             *   Signature and time of server

IN THE CIRCUIT COURT OF
MACON COUNTY, ALABAMA

RELIA ANN SCOTT, as Administratrix §
of the Estate of NATHAN BILLINGS, §
Deceased; ARTHUR BILLINGS & §
BONITA BILLINGS, Individually & §
as Next Friend of B█████████ B█████, §
a minor; SUSIE M. EMMERS, as §
Administratirx of the Estate of APRIL §
JONES EMMERS, Deceased; LINDA §
EMMERS, Individually & as Next §
Friend of A█████ E████████, a minor; §
and HAROLD EMMERS, III, §
§
    Plaintiffs, §
§
§
§    CIVIL ACTION NO. 07-85
§
VS. §
§
FORD MOTOR COMPANY, KEITH §
BLAKEMORE d/b/a KB CAR CARE, §
HAROLD EMMERS, JR., and §
FICTITIOUS Defendants A through G, §
Described herein in Paragraphs 9 through §
15, §
§
    Defendants. §

FILED IN
CIRCUIT CLERKS OFFICE
MACON COUNTY, AL
2001 JUL -9 P 2: 52
DAVID LOVE
CIRCUIT CLERK

## SUMMONS

    This service by certified mail of this Summons and Complaint is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure.* You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant:

    **TO:**    **FORD MOTOR COMPANY**
            **AGENT: The Corporation Company**
            **2000 Interstate Park Drive**
            **Suite 204**
            **Montgomery, Alabama 36109**

    Each Defendant is required to serve a copy of a written answer to the Complaint upon:

WALTER E. McGOWAN
GRAY, LANGFORD, SAPP, McGOWAN, GRAY,
GRAY & NATHANSON, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239

attorney for the Plaintiffs. THIS ANSWER MUST BE MAILED OR DELIVERED
WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS
SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR
A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE
MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also
file the original of your Answer with the Clerk of this Court within a reasonable time
afterward.

_July 9, 2007_                         _David Love Jr._
DATED                                  CIRCUIT CLERK

---

## RETURN OF SERVICE

I certify that I personally delivered    *    Served By _____, mail
copy of this order to _____         *    Return receipt dated _____,
on _____, 2007.                 *    2007.
                                         *
                                         *
_____             *    _____
Signature and title of server            *    Signature and time of server

IN THE CIRCUIT COURT OF
MACON COUNTY, ALABAMA

RELIA ANN SCOTT, as Administratrix of §
the Estate of NATHAN BILLINGS, Deceased; §
ARTHUR BILLINGS & BONITA §
BILLINGS, Individually & as Next Friend §
of B██████ B████████ a minor; §
SUSIE M. EMMERS, as Administratrix of §
the Estate of APRIL JONES EMMERS, §
Deceased; LINDA EMMERS, Individually & §
as Next Friend of A█████ E██████, §
a minor; and HAROLD EMMERS III, §
§
   Plaintiffs, §
§
VS. §  CIVIL ACTION NO. *07-85*
§
FORD MOTOR COMPANY, §
KEITH BLAKEMORE d/b/a KB CAR CARE, §
HAROLD EMMERS, JR., and §
and FICTITIOUS Defendants A through G, §
Described herein in Paragraphs 9 through 15, §
§
   Defendants. §

FILED IN
CIRCUIT CLERKS OFFICE
MACON COUNTY, AL
2007 JUL -9 P 2: 52
DAVID LOVE
CIRCUIT CLERK

## C O M P L A I N T

COME NOW, the Plaintiffs in the above-styled action and file this Complaint.

### Statement of the Parties

1.  Plaintiff, Relia Ann Scott, is the duly appointed Administratrix and Personal Representative of the Estate of Nathan Billings. Plaintiff is a resident of Texas, and is over the age of nineteen years.

2.  Plaintiffs, Arthur Billings and Bonita Billings individually and, as next friends of Bethany Billings, a minor, are residents of Texas and are over the age of nineteen years.

3.  Plaintiff, Susie M. Emmers, is the duly appointed Administratrix and Personal

Representative of the Estate of April Jones Emmers. Plaintiff is a resident of Texas and is over the age of nineteen years.

4.      Plaintiff, Linda Emmers, individually and as next friend of A███ E████, a minor, is a resident of Texas and is over the age of nineteen years.

5.      Plaintiff, Harold Emmers III, is a resident of Texas and is over the age of nineteen years.

6.      Defendant, Ford Motor Company, is a foreign corporation doing business in Macon County, Alabama and in the State of Alabama at large through its agents. Defendant is in the business of designing, manufacturing, assembling and distributing motor vehicles for use by ordinary customers such as Plaintiffs.

7.      Defendant Keith Blakemore d/b/a KB Car Care is an unincorporated business operating in Harris County, Texas. Defendant, Keith Blakemore d/b/a KB Car Care, is in the business of providing automotive maintenance and repair services to ordinary customers such as Plaintiffs.

8.      Defendant, Harold Emmers, Jr., is an individual resident of Harris County, Texas.

9.      Fictitious Defendant A, whether singular or plural, is that person, corporation, or other legal entity who or which designed, manufactured and marketed the 2002 Ford Econoline E350 van bearing VIN 1FBSS31S42HA33919 involved in the occurrence made the basis of this Complaint, or any component of it;

10.      Fictitious Defendant B, whether singular or plural, is that person, corporation, or other legal entity who or which had any role in the distributive chain regarding the 2002 Ford Econoline E350 van bearing VIN 1FBSS31S42HA33919 involved in the occurrence made the basis of this

Complaint, or any component of it;

11.     Fictitious Defendant C, whether singular or plural, is that person, corporation, or other legal entity who or which had any role in the distributive chain regarding the 2002 Ford Econoline E350 van bearing VIN 1FBSS31S42HA33919 involved in the occurrence made the basis of this Complaint, or any component of it;

12.     Fictitious Defendant D, whether singular or plural, is that person, corporation, or other legal entity who or which, prior to the occurrence made the basis of this lawsuit, altered or repaired the 2002 Ford Econoline E350 van bearing VIN 1FBSS31S42HA33919 involved in the occurrence made the basis of this Complaint, or any component of it;

13.     Fictitious Defendant E, whether singular or plural, is that person, corporation, or other legal entity who or which conducted safety inspections or analyses with respect to the 2002 Ford Econoline E350 van bearing Fictitious Defendant C, whether singular or plural, is that person, corporation, or other legal entity who or which had any role in the distributive chain regarding the 2002 Ford Econoline E350 van bearing VIN 1FBSS31S42HA33919 involved in the occurrence made the basis of this Complaint, or any component of it;

14.     Fictitious Defendant F, whether singular or plural, is that person, corporation or other legal entity, other than those described above, whose negligence, intentional conduct, willfulness, breach of conduct, wantonness, or other wrongful conduct contributed to cause the occurrence and damages made the basis of this Complaint;

15.     Fictitious Defendant G, whether singular or plural, is that person, corporation or other legal entity which is the successor-in-interest to any of those entities described above;

16.     Plaintiffs aver that Defendants A through G are otherwise unknown to Plaintiffs at

3

this time, or if their names are known to Plaintiffs, their identities as proper party Defendants are not known to Plaintiffs at this time, and their true names will be substituted by amendment when ascertained.

### Statement of the Facts

17.     On or about August 6, 2005, a 2002 Ford Econoline E350 15-passenger van bearing VIN 1FBSS31S42HA33919 (hereafter referred to as the van) operated by Defendant Harold Emmers, Jr., was on a return trip from Atlanta to Houston following a national church convention attended by its eight occupants.

18.     After leaving Atlanta and traveling some 100 miles to Macon County, Alabama, the van veered onto the left shoulder.

19.     The driver attempted to steer the vehicle back onto the road and the van began rolling over.

20.     In addition to the driver, Harold Emmers, Jr., occupants of the van included Linda Emmers, Bonita Billings, Nathan Billings, Harold Emmers III, A██ E█████, B████ B█████ and April Jones Emmers.

21.     As the van rolled over after loss of control, its roof collapsed, the glazing broke out, and the seating and restraint systems failed.

22.     As a proximate result of the loss of control and rollover, Plaintiffs sustained physical and psychological injuries.

23.     Nathan Billings and April Jones Emmers were wrongfully killed.

24.     The van was being used as intended and in a reasonably and foreseeable manner.

25.     The van was in an unaltered condition from the time of date of manufacture and sale.

4

26.     The van was serviced shortly before the incident by Keith Blakemore d/b/a KB Car Care.

## COUNT ONE
### (AEMLD against Ford Motor Company and Fictitious Defendants A though G)

27.     Plaintiffs incorporate here the allegations of paragraphs 1 through 26 as if set out here in full.

28.     The van was designed, manufactured, distributed and sold by Defendant Ford Motor Company and Fictitious Defendants A through G.

29.     This claim is brought in part pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

30.     The van was defective and unreasonably dangerous for its intended and foreseeable use.

31.     The van at the time of the accident was without substantial change in the condition in which it was manufactured.

32.     The van is defective and unreasonably dangerous in:

   (a)     design, manufacture, and/or marketing as it relates to the vehicle's characteristics for stability, handling, and/'or roll over propensities;

   (b)     design and manufacture of the restraint system;

   (c)     design and manufacture of the window and glazing systems;

   (d)     design and manufacture as it relates to the protection provided to occupants in foreseeable collisions including rollovers.

33.     The defective condition of the van was the proximate cause of the Plaintiffs injuries and deaths.

5

34.    As a proximate result of the defective nature of the van, Plaintiffs sustained physical and psychological injuries and Nathan Billings and April Jones Emmers were wrongfully killed.

WHEREFORE, Plaintiffs demand judgment against Defendant Ford Motor Company and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

## COUNT TWO
### (Negligence against Ford Motor Company, Keith Blakemore d/b/a KB Car Care, Harold Emmers, Jr., and Fictitious Defendants A through G)

35.    Plaintiffs incorporate here the allegations of paragraphs 1 through 34 as if set out here in full.

36.    Defendant Ford Motor Company negligently designed, manufactured, tested, sold or otherwise placed into the stream of commerce the dangerous van.

37.    Defendant Ford Motor Company negligently warned or failed to warn regarding the dangers from foreseeable use of the product (the van).

38.    Defendant Keith Blakemore d/b/a KB Car Care negligently serviced the van.

39.    Defendant Harold Emmers, Jr., was negligent, in his operation of the van.

40.    Fictitious Defendants A through G negligently designed, manufactured, tested, sold, repaired, maintained, inspected or failed to inspect the dangerous van.

41.    Fictitious Defendants A through G negligently warned or failed to warn regarding the dangers from foreseeable use of the van.

42.    As a proximate result of the negligence of some or all of the Defendants and the combined and concurring negligence of the Defendants, Plaintiffs sustained physical and

6

psychological injuries and Nathan Billings and April Jones Emmers were wrongfully killed.

WHEREFORE, Plaintiffs demand judgment against Defendants Ford Motor Company, Keith Blakemore d/b/a KB Car Care, Harold Emmers, Jr. and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

## COUNT THREE
### (Wantonness against Ford Motor Company and Fictitious Defendants A through G)

43.     Plaintiffs incorporate here the allegations of paragraphs 1 through 42 as if set out here in full.

44.     Defendant Ford Motor Company and Fictitious Defendants A through G negligently designed, manufactured, tested, sold or otherwise placed into the stream of commerce the dangerous van.

45.     The aforesaid Defendants wantonly warned or failed to warn regarding the dangers from foreseeable use of the van.

46.     As a proximate result of the wantonness of these Defendants, Plaintiffs sustained physical and psychological injuries and Nathan Billings and April Jones Emmers were wrongfully killed.

WHEREFORE, Plaintiffs demand judgment against Defendant Ford Motor Company and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

## COUNT FOUR
### (Breach of Express and Implied Warranties against Ford Motor Company and Fictitious Defendants A through G)

7

47.     Plaintiffs incorporate here the allegations of paragraphs 1 through 46 as if set out here in full.

48.     The van is "goods" as defined by the Alabama Uniform Commercial Code ("UCC") and, at the time the van was sold, Defendant Ford Motor Company and Fictitious Defendants A though G were each a "merchant" with respect to goods of this kind.

49.     Defendant Ford Motor Company and Fictitious Defendants A though G  sold a defective product and marketed that product in a defective manner by expressly and impliedly warranting, among other things, that the van was of merchantable quality and was safe and fit for the purpose intended when used in an ordinary manner; and by not giving adequate warnings of the dangerous propensities of Ford Econoline E350 vans, including the van that rolled over and caused injuries to Plaintiffs on August 6, 2005.

50.     Defendant Ford Motor Company and Fictitious Defendants A though G breached the aforesaid express and implied warranties in the following particulars, among others:

a.     Selling vans that were not of merchantable quality, including the van that rolled over and caused injuries to Plaintiffs on August 6, 2005;

b.     Selling vans that were not safe for the purpose intended when used under ordinary conditions and in an ordinary manner, including the van that rolled over and caused injuries to Plaintiffs on August 6, 2005; and

c.     Not giving adequate warning of the dangerous propensities of the Econoline E350 vans, including the van that rolled over and caused injuries to Plaintiffs on August 6, 2005.

51.     Defendant Ford Motor Company and Fictitious Defendants A through G expressly

8

warranted that Ford Econoline E350 vans were safe and fit for the purpose for which they were designed.

52.    Defendant Ford Motor Company and Fictitious Defendants A though G breached one or more of the aforesaid warranties.

53.    As a proximate result of the aforesaid breach of warranties by Defendant Ford Motor Company and Fictitious Defendants A through G.  Plaintiffs sustained physical and psychological injuries and Nathan Billings and April Jones Emmers were wrongfully killed.

WHEREFORE, Plaintiffs demand judgment against Ford Motor Company and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

## COUNT FIVE
### (Negligent and/or Wanton Failure to Warn of and/or Adequately Safeguard Against Deadly Hazards as to Ford Motor Company and Fictitious Defendants A through G)

54.    Plaintiffs incorporate here the allegations of paragraphs 1 through 53 as if set out here in full.

55.    At the aforesaid time and place, and prior thereto, Defendant Ford Motor Company and Fictitious Defendants A through G negligently and/or wantonly failed to adequately warn of and/or safeguard against the deadly hazards presented by the aforesaid van.

56.    As a proximate result of the negligent and/or wanton failure of the Defendant Ford Motor Company and Fictitious Defendants A through G to adequately warn of and/or safeguard against said hazards, the Plaintiffs sustained physical and psychological injuries and Nathan Billings and April Jones Emmers were wrongfully killed on August 6, 2005.

9

WHEREFORE, Plaintiffs demand judgment against Defendant Ford Motor Company and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

**COUNT SIX**
**(Crashworthiness as to Ford Motor Company and**
**Fictitious Defendants A though G)**

57.    Plaintiffs reallege all allegations contained in paragraphs 1 through 56 as if set out here in full.

58.    Defendant Ford Motor Company and Fictitious Defendants A through G sold, distributed or otherwise placed into the stream of commerce the subject 2002 Ford Econoline E350 van and the component parts thereof.

59.    The van as designed and distributed was unreasonably dangerous in that the vehicle was not crashworthy due to its weak roof structure, inadequate seating and restraint systems, and use of tempered glass in the side windows.

60.    Said Defendants failed to warn or otherwise notify the intended user or consumer of the dangerously defective conditions.

61.    The van was not crashworthy in that the vehicle failed to provide reasonable protection to its occupants in a reasonably foreseeable crash mode.

62.    The weak roof structure, inadequate seating and restraint systems, and tempered glass in the side window locations allowed the roof to collapse and the occupants to become improperly restrained and contained within the van. Plaintiffs were injured in the rollover, and Nathan Billings and April Jones Emmers were wrongfully killed as they were ejected from the van.

63.    As a proximate consequence of the lack of crashworthiness, Plaintiffs sustained

10

physical and psychological injuries and Nathan Billings and April Jones Emmers were wrongfully killed.

WHEREFORE, Plaintiffs demand judgment against Defendant Ford Motor Company and Fictitious Defendants A through G for compensatory and punitive damages in an amount to be determined by the jury in accordance with Alabama law.

Walter McGowan (MCG016)
Attorney for Plaintiffs

OF COUNSEL:

Gray, Langford, Sapp, McGowan, Gray,
 Gray  & Nathanson, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239
Telephone:    334-727-4830
Facsimile:    334-727-5877

## JURY DEMAND

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.

OF COUNSEL

11

State of Alabama
Unified Judicial System

**COVER SHEET**
**CIRCUIT COURT - CIVIL CASE**
(Not For Domestic Relations Cases)

Form ARCivP-93    Rev. 5/99

Case Number

CV 2007 0085 ___ ___ . ___ ___

Date of Filing:   07 09 2007   Judge Code: XXX

Month  Day  Year

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF __MACON__, ALABAMA

*(Name of County)*

Relia A. Scott, as Adm. of the Estate of Nathan Billins, deceased    v.    Ford Motor Company, Keith Blakemore d/b/a KB Car Care and Harold Emmers, Jr.

Plaintiff    Defendant

**First Plaintiff**  ☐ Business  ☑ Individual  **First Defendant**  ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:**  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**

- ☑ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☑ TOWA - Wantonness
- ☑ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**

- ☑ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellanous Circuit Civil Case

2007 JUL -9 P 2: 52
DAVID LOVE CLERK
CIRCUIT CLERKS OFFICE MACON COUNTY, AL
FILED IN MACON COUNTY, AL

**ORIGIN** *(check one):*  F ☑ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER: _____
R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO    Note:  Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:  M C - G 0 1 6    7/9/07
Date

*[signature]* Walter E. M _____
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☑ NO  ☐ UNDECIDED

# DEFENDANT'S EXHIBIT B



**AlaFile E-Notice**

46-CV-2007-000085.00

To: BROWN H LANIER II
hlb@hfsllp.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA**

**RELIA A. SCOTT AS ADM. OF THE ESTATE OF NATHAN BILLINS VS  FORD MOTOR
46-CV-2007-000085.00**

The following discovery was FILED on 8/9/2007 5:37:01 PM

Notice Date:        8/9/2007 5:37:01 PM

**DAVID LOVE, JR.**
**CIRCUIT COURT CLERK**
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL 36083

334-724-2614
david.love@alacourt.gov



ELECTRONICALLY FILED
8/9/2007 5:37 PM
CV-2007-000085.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

**RELIA ANN SCOTT, et al.,** )
)
      **Plaintiffs,** )
)
      **v.** ) Civil Action No. 07-85
)
**FORD MOTOR COMPANY, et al.,** )
)
      **Defendants.** )

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:    Circuit Court Clerk
       Macon County Courthouse

PLEASE TAKE NOTICE that the Defendant, FORD MOTOR COMPANY, has on this the 9th day of August, 2007, served the following discovery pleadings:

1.    Requests for Admission to Plaintiff Susie M. Emmers;
2.    Requests for Admission to Plaintiff Relia Ann Scott;
3.    Requests for Admission to Plaintiff Linda Emmers;
4.    Requests for Admission to Plaintiff Bonita Billings;
5.    Requests for Admission to Plaintiff Arthur Billings;
6.    Defendant Ford Motor Company's First Set of Interrogatories to the Plaintiffs;
7.    Defendant Ford Motor Company's First Request for Production of Documents to Plaintiffs.

                 /s/ D. Alan Thomas
                 D. Alan Thomas
                 H. Lanier Brown, II
                 Attorneys for Defendant,
                 FORD MOTOR COMPANY

**OF COUNSEL:**

HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone:  (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys registered and I have placed a copy of the foregoing to the attorneys not set up for email notification in the United States Mail, postage prepaid and properly addressed, on this the 9th day of August, 2007.

Walter McGowan, Esq.
GRAY, LANGFORD, SAPP, McGOWAN, GRAY,
 GRAY & NATHANSON, P.C.
P. O. Box 830239
Tuskegee, AL 36083-0239

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064


/s/ D. Alan Thomas
Of Counsel

2

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| **RELIA ANN SCOTT, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 07-85** |
| | ) |
| **FORD MOTOR COMPANY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### REQUESTS FOR ADMISSION TO PLAINTIFF
### LINDA EMMERS

COMES NOW the Defendant, FORD MOTOR COMPANY ("Ford"), and requests the Plaintiff to admit or deny the following pursuant to Alabama Rule of Civil Procedure 36:

1.     That you, in your individual capacity, seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

2.     That you, in your individual capacity, do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

3.     That the amount in controversy between the parties in this case is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00)exclusive of interest and costs.

4.     That you, as duly appointed Administratrix and Personal Representative of the Estate of April Jones Emmers, seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

5.      That you, duly appointed Administratrix and Personal Representative of the Estate of April Jones Emmers , do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

6.      That you, in your individual capacity, seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

7.      That you, in your individual capacity, do not seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

8.      That you, in your individual capacity, seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

9.      That you, in your individual capacity, do not seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

DONE this the 9th day of August, 2007.

Respectfully submitted,

/s/ D. Alan Thomas
D. Alan Thomas
H. Lanier Brown, II
John Isaac Southerland
Attorneys for Defendant,
FORD MOTOR COMPANY

- 2 -

**OF COUNSEL:**

HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone:  (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys registered and I have placed a copy of the foregoing to the attorneys not set up for email notification in the United States Mail, postage prepaid and properly addressed, on this the 9th day of August, 2007.

Walter McGowan, Esq.
GRAY, LANGFORD, SAPP, McGOWAN, GRAY,
 GRAY & NATHANSON, P.C.
P. O. Box 830239
Tuskegee, AL 36083-0239

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

/s/  D. Alan Thomas
Of Counsel

- 3 -

**IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA**

| | |
|---|---|
| RELIA ANN SCOTT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 07-85 |
| | ) |
| FORD MOTOR COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**REQUESTS FOR ADMISSION TO PLAINTIFF
ARTHUR BILLINGS**

COMES NOW the Defendant, FORD MOTOR COMPANY ("Ford"), and requests the Plaintiff to admit or deny the following pursuant to Alabama Rule of Civil Procedure 36:

1.    That you, in your individual capacity, seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

2.    That you, in your individual capacity, do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

3.    That the amount in controversy between the parties in this case is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00)exclusive of interest and costs.

4.    That you, as next friend of B█████ B█████, seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

5.    That you, as next friend of B█████ B█████, do not seek to recover from these

Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100

($75,000.00) exclusive of interest and costs.

6.    That you, in your individual capacity, seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

7.    That you, in your individual capacity, do not seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

8.    That you, in your individual capacity, seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

9.    That you, in your individual capacity, do not seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

DONE this the 9th day of August, 2007.

Respectfully submitted,

/s/ Alan Thomas
D. Alan Thomas
H. Lanier Brown, II
John Isaac Southerland
Attorneys for Defendant,
FORD MOTOR COMPANY

**OF COUNSEL:**

HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone:  (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys registered and I have  placed a copy of the foregoing to the attorneys not set up for email notification in the United States Mail, postage prepaid and properly addressed, on this the 9th day of August, 2007.

Walter McGowan, Esq.
GRAY, LANGFORD, SAPP, McGOWAN, GRAY,
 GRAY & NATHANSON, P.C.
P. O. Box 830239
Tuskegee, AL 36083-0239

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

/s/ D. Alan Thomas
Of Counsel

- 3 -

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| **RELIA ANN SCOTT, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 07-85** |
| | ) |
| **FORD MOTOR COMPANY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### REQUESTS FOR ADMISSION TO PLAINTIFF SUSIE M. EMMERS

COMES NOW the Defendant, FORD MOTOR COMPANY ("Ford"), and requests the Plaintiff to admit or deny the following pursuant to Alabama Rule of Civil Procedure 36:

1.     That you seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

2.     That you do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

3.     That the amount in controversy between the parties in this case is in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

DONE this the 9th day of August, 2007.

Respectfully submitted,

/s/ D. Alan Thomas
D. Alan Thomas
H. Lanier Brown, II
John Isaac Southerland
Attorneys for Defendant,
FORD MOTOR COMPANY

**OF COUNSEL:**

HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone:  (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys registered and I have  placed a copy of the foregoing to the attorneys not set up for email notification in the United States Mail, postage prepaid and properly addressed, on this the 9th day of August, 2007.

Walter McGowan, Esq.
GRAY, LANGFORD, SAPP, McGOWAN, GRAY,
 GRAY & NATHANSON, P.C.
P. O. Box 830239
Tuskegee, AL 36083-0239

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

/s/ D. Alan Thomas
Of Counsel

- 2 -

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| RELIA ANN SCOTT, et al., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Action No. 07-85 |
| | ) |
| FORD MOTOR COMPANY, et al., | ) |
| | ) |
| **Defendants.** | ) |

### REQUESTS FOR ADMISSION TO PLAINTIFF RELIA ANN SCOTT

COMES NOW the Defendant, FORD MOTOR COMPANY ("Ford"), and requests the Plaintiff to admit or deny the following pursuant to Alabama Rule of Civil Procedure 36:

1.    That you seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

2.    That you do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

3.    That the amount in controversy between the parties in this case is in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

DONE this the 9th day of August, 2007.

Respectfully submitted,

/s/ D. Alan Thomas
D. Alan Thomas
H. Lanier Brown, II
John Isaac Southerland
Attorneys for Defendant,
FORD MOTOR COMPANY

**OF COUNSEL:**

HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone: (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys registered and I have placed a copy of the foregoing to the attorneys not set up for email notification in the United States Mail, postage prepaid and properly addressed, on this the 9th day of August, 2007.

Walter McGowan, Esq.
GRAY, LANGFORD, SAPP, McGOWAN, GRAY,
 GRAY & NATHANSON, P.C.
P. O. Box 830239
Tuskegee, AL 36083-0239

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

/s/ D. Alan Thomas_____
Of Counsel

# DEFENDANT'S

# EXHIBIT C

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| **RELIA ANN SCOTT, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 07-85** |
| | ) |
| **FORD MOTOR COMPANY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REQUESTS FOR ADMISSION TO PLAINTIFF
## BONITA BILLINGS

COMES NOW the Defendant, FORD MOTOR COMPANY ("Ford"), and requests the Plaintiff to admit or deny the following pursuant to Alabama Rule of Civil Procedure 36:

1. That you, in your individual capacity, seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

2. That you, in your individual capacity, do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

3. That the amount in controversy between the parties in this case is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00)exclusive of interest and costs.

4. That you, as next friend of B█████ B████, seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

5. That you, as next friend of B████ B████, do not seek to recover from these

Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

6.    That you, in your individual capacity, seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

7.    That you, in your individual capacity, do not seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

8.    That you, in your individual capacity, seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

9.    That you, in your individual capacity, do not seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

DONE this the 13th day of August, 2007.

Respectfully submitted,

/s/ D. Alan Thomas
D. Alan Thomas
H. Lanier Brown, II
John Isaac Southerland
Attorneys for Defendant,
FORD MOTOR COMPANY

- 2 -

**OF COUNSEL:**

HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone: (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys registered and I have placed a copy of the foregoing to the attorneys not set up for email notification in the United States Mail, postage prepaid and properly addressed, on this the 13th day of August, 2007.

Walter McGowan, Esq.
GRAY, LANGFORD, SAPP, McGOWAN, GRAY,
 GRAY & NATHANSON, P.C.
P. O. Box 830239
Tuskegee, AL 36083-0239

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

/s/ D. Alan Thomas
Of Counsel

- 3 -

# DEFENDANT'S EXHIBIT E

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA ANN SCOTT, et al.,             §
                                     §
            Plaintiffs,              §
                                     §
      v.                             §      Civil Action No. 07-85
                                     §
FORD MOTOR COMPANY, et al.,          §
                                     §
            Defendants.              §

## PLAINTIFF LINDA EMMERS' RESPONSES
## TO FORD MOTOR COMPANY'S REQUESTS FOR ADMISSION

COMES NOW the Plaintiff, Linda Emmers, and responds to the requests for admission propounded upon her by Defendant Ford Motor Company as follows:

1.    That you, your individual capacity, seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit, although Plaintiff has not pled a specific amount for such damages.

2.    That you, in your individual capacity, do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Deny, although Plaintiff has not pled a specific amount for such damages.

3.    That the amount in controversy between the parties in this case is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit.

4.    That you, as duly appointed Administratrix and Personal Representative of the Estate of April Jones Emmers, seek to recover from these Defendants monetary damages in this case in

excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Deny.  Susie M. Emmers is the administratrix.

5.    That you, duly appointed Administratrix and Personal Representative of the Estate of April Jones Emmers, do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit.  Susie M. Emmers is the administratrix.

6.    That you, in your individual capacity, seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit, although Plaintiff has not pled a specific amount for such damages.

7.    That you, in your individual capacity, do not seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE: Deny, although Plaintiff has not pled a specific amount for such damages.

8.    That you, in your individual capacity, seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit, although Plaintiff has not pled a specific amount for such damages.

9.    That you, in your individual capacity, do not seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Deny, although Plaintiff has not pled a specific amount for such damages.

DONE this the __7__ day of September, 2007.

Respectfully submitted,

Robert E. Ammons (admitted pro hac vice)
The Ammons Law Firm
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:    713-523-1606
Facsimile:    713-523-4159

Walter McGowan (MCG016)
Gray, Langford, Sapp, McGowan, Gray,
 Gray  & Nathanson, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239
Telephone:    334-727-4830
Facsimile:    334-727-5877

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of the Court and have placed a copy of the foregoing to the attorneys/parties below through e-filing or by United States Mail, postage prepaid and properly addressed, on this the __7__ day of September, 2007.

D. Alan Thomas
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Robert E. Ammons
Of Counsel

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA ANN SCOTT, et al.,                     §
                                             §
            Plaintiffs,                      §
                                             §
     v.                                      §     Civil Action No. 07-85
                                             §
FORD MOTOR COMPANY, et al.,                  §
                                             §
            Defendants.                      §

## PLAINTIFF SUSIE M. EMMERS' RESPONSES
## TO FORD MOTOR COMPANY'S REQUESTS FOR ADMISSION

COMES NOW the Plaintiff, Susie M. Emmers, and responds to the requests for admission propounded upon her by Defendant Ford Motor Company as follows:

1.      That you seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  As administratrix of the estate of April Jones Emmers, admit, although Plaintiff has not pled a specific amount for such damages.

2.      That you do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  As administratrix of the estate of April Jones Emmers, deny, although Plaintiff has not pled a specific amount for such damages.

3.      That the amount in controversy between the parties in this case is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit.

DONE this the _7_ day of September, 2007.

Respectfully submitted,

Robert E. Ammons (admitted pro hac vice)
The Ammons Law Firm
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:     713-523-1606
Facsimile:     713-523-4159

Walter McGowan (MCG016)
Gray, Langford, Sapp, McGowan, Gray,
 Gray  & Nathanson, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239
Telephone:     334-727-4830
Facsimile:     334-727-5877

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of the Court and have placed a copy of the foregoing to the attorneys/parties below through e-filing or by United States Mail, postage prepaid and properly addressed, on this the __7__ day of September, 2007.

D. Alan Thomas
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Robert E. Ammons
Of Counsel

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA ANN SCOTT, et al.,                    §
                                            §
            Plaintiffs,                     §
                                            §        Civil Action No. 07-85
    v.                                      §
                                            §
FORD MOTOR COMPANY, et al.,                 §
                                            §
            Defendants.                     §

## PLAINTIFF BONITA BILLINGS' RESPONSES
## TO FORD MOTOR COMPANY'S REQUESTS FOR ADMISSION

COMES NOW the Plaintiff, Bonita Billings, and responds to the requests for admission propounded upon her by Defendant Ford Motor Company as follows:

1.      That you, your individual capacity, seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit, although Plaintiff has not pled a specific amount for such damages.

2.      That you, in your individual capacity, do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Deny, although Plaintiff has not pled a specific amount for said damages.

3.      That the amount in controversy between the parties in this case is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit.

4.      That you, as next friend of B██████ B██████ seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100

($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit, although Plaintiff has not pled a specific amount for such damages.

5.    That you, as next friend of B█████ B█████ do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Deny, although Plaintiff has not pled a specific amount for such damages.

6.    That you, in your individual capacity, seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit, although Plaintiff has not pled a specific amount for such damages..

7.    That you, in your individual capacity, do not seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE: Deny, although Plaintiff has not pled a specific amount for such damages.

8.    That you, in your individual capacity, seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit, although Plaintiff has not pled a specific amount for such damages.

9.    That you, in your individual capacity, do not seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Deny, although Plaintiff has not pled a specific amount for such damages.

DONE this the _7_ day of September, 2007.

Respectfully submitted,

Robert E. Ammons (admitted pro hac vice)
The Ammons Law Firm
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:    713-523-1606
Facsimile:    713-523-4159

Walter McGowan (MCG016)
Gray, Langford, Sapp, McGowan, Gray,
 Gray  & Nathanson, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239
Telephone:    334-727-4830
Facsimile:    334-727-5877

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of the Court and have placed a copy of the foregoing to the attorneys/parties below through e-filing or by United States Mail, postage prepaid and properly addressed, on this the __7__ day of September, 2007.

D. Alan Thomas
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Robert E. Ammons
Of Counsel

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA



RELIA ANN SCOTT, et al.,

    Plaintiffs,

      v.

FORD MOTOR COMPANY, et al.,

    Defendants.

Civil Action No. 07-85

## PLAINTIFF ARTHUR BILLINGS' RESPONSES TO FORD MOTOR COMPANY'S REQUESTS FOR ADMISSION

COMES NOW the Plaintiff, Arthur Billings, and responds to the requests for admission propounded upon him by Defendant Ford Motor Company as follows:

1.    That you, your individual capacity, seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit, although Plaintiff has not pled a specific amount for said damages.

2.    That you, in your individual capacity, do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Deny, although Plaintiff has not pled a specific amount for said damages.

3.    That the amount in controversy between the parties in this case is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit.

4.    That you, as next friend of B████ B████, seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100

($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit, although Plaintiff has not pled a specific amount for said damages.

5.    That you, as next friend of B███████ B█████, do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Deny, although Plaintiff has not pled a specific amount for said damages.

6.    That you, in your individual capacity, seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit, although Plaintiff has not pled a specific amount for said damages.

7.    That you, in your individual capacity, do not seek to recover from these Defendants compensatory monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE: Deny, although Plaintiff has not pled a specific amount for said damages.

8.    That you, in your individual capacity, seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit, although Plaintiff has not pled a specific amount for said damages.

9.    That you, in your individual capacity, do not seek to recover from these Defendants punitive monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Deny, although Plaintiff has not pled a specific amount for said damages.

DONE this the _7_ day of September, 2007.

Respectfully submitted,

Robert E. Ammons (admitted pro hac vice)
The Ammons Law Firm
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:    713-523-1606
Facsimile:    713-523-4159

Walter McGowan (MCG016)
Gray, Langford, Sapp, McGowan, Gray,
 Gray  & Nathanson, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239
Telephone:    334-727-4830
Facsimile:    334-727-5877

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of the Court and have placed a copy of the foregoing to the attorneys/parties below through e-filing or by United States Mail, postage prepaid and properly addressed, on this the __7__ day of September, 2007.

D. Alan Thomas
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

Robert E. Ammons
Of Counsel

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

RELIA ANN SCOTT, et al.,             §
                                     §
        Plaintiffs,                  §
                                     §    Civil Action No. 07-85
    v.                               §
                                     §
FORD MOTOR COMPANY, et al.,          §
                                     §
        Defendants.                  §



## PLAINTIFF RELIA ANN SCOTT'S RESPONSES
## TO FORD MOTOR COMPANY'S REQUESTS FOR ADMISSION

COMES NOW the Plaintiff, Relia Ann Scott, and responds to the requests for admission propounded upon her by Defendant Ford Motor Company as follows:

1.     That you seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  In my capacity as administratrix of the estate of Nathan Billings, admit, although Plaintiff has not pled a specific amount for such damages.

2.     That you do not seek to recover from these Defendants monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  In my capacity as administratrix of the estate of Nathan Billings, deny, although Plaintiff has not pled a specific amount for such damages.

3.     That the amount in controversy between the parties in this case is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) exclusive of interest and costs.

RESPONSE:  Admit.

DONE this the _7_ day of September, 2007.

Respectfully submitted,

Robert E. Ammons (admitted pro hac vice)
The Ammons Law Firm
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:    713-523-1606
Facsimile:    713-523-4159

Walter McGowan (MCG016)
Gray, Langford, Sapp, McGowan, Gray,
 Gray  & Nathanson, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083-0239
Telephone:    334-727-4830
Facsimile:    334-727-5877

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of the Court and have placed a copy of the foregoing to the attorneys/parties below through e-filing or by United States Mail, postage prepaid and properly addressed, on this the _7_ day of September, 2007.

D. Alan Thomas
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

Harold Holly Emmers, Jr.
10830 Harvest Sun Drive
Houston, TX 77064

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Robert E. Ammons
Of Counsel

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000673
Cashier ID: kalandra
Transaction Date: 10/09/2007
Payer Name: HUIE FERNAMBUCQ  STEWART, LLP
----------------------------------
CIVIL FILING FEE
 For: HUIE FERNAMBUCQ  STEWART, LLP
 Case/Party: D-ALM-3-07-CV-000901-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 126460
 Amt Tendered:  $350.00
----------------------------------
Total Due:        $350.00
Total Tendered: $350.00
Change Amt:       $0.00

Relia Ann Scott et al V. Ford Motor
Company et al
```