IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RELIA ANN SCOTT, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CASE NO. 3:07-901-WC ) |
| FORD MOTOR COMPANY, et al., | ) ) |
| Defendants. | ) |

**ANSWER OF DEFENDANT FORD MOTOR COMPANY
TO CROSS CLAIM PLAINTIFF HAROLD EMMERS, JR.'S
COMPLAINT AGAINST FORD MOTOR COMPANY**

COMES NOW the Defendant FORD MOTOR COMPANY, and for Answer to the Cross-Claim Plaintiff Harold Emmers, Jr.'s complaint against Ford Motor Company, states as follows:

**STATEMENT OF THE PARTIES**

1. Defendant denies that it "is a foreign corporation doing business in Macon County, Alabama and in the State of Alabama at large through its agents." Defendant admits it is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Michigan. Defendant further admits it is in the business of designing, manufacturing in part, assembling and distributing automobiles, some of which are sold in the State of Alabama.

2. Upon information and belief, Defendant admits that, Co-Defendant Keith Blakemore d/b/a KB Car Care is an unincorporated business operating in Harris County, Texas. The Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

3. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 3 of Cross-Claim Plaintiff's Complaint; therefore it is denied.

4. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 4 of Cross-Claim Plaintiff's Complaint; therefore it is denied.

5. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 5 of Cross-Claim Plaintiff's Complaint; therefore it is denied.

6. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 6 of Cross-Claim Plaintiff's Complaint; therefore it is denied.

7. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of Cross-Claim Plaintiff's Complaint; therefore it is denied.

8. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 8 of Cross-Claim Plaintiff's Complaint; therefore it is denied.

9. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 9 of Cross-Claim Plaintiff's Complaint; therefore it is denied.

10. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10 of Cross-Claim Plaintiff's Complaint; therefore it is denied.

## STATEMENT OF THE FACTS

11. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 11 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

12. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 12 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

13. Defendant is without sufficient information to admit or deny the allegations contained

in Paragraph 13 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

14.  Defendant denies that the subject vehicle, or any component part thereof, including the roof, glazing, seating and restraint systems "failed". The Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 14 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

15.  Denied.

16.  Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 16 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

17.  Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 17 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

18.  Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

## COUNT ONE

(AEMLD against Ford Motor Company and Fictitious Defendants A through G)

19.  Defendant adopts and incorporates by reference its responses to Paragraphs 1-18 above as if fully set forth herein.

19.(sic) Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 19 (sic) of Cross-Claim Plaintiff's Complaint; therefore, it is denied. However, Defendant does admit that it is in the business of designing, manufacturing in part, assembling and distributing automobiles, including a 2002 model Econoline E-350 15-passenger van (VIN# 1FBSS31S42HA33919).

20.  This Paragraph states a legal conclusion to which no response is required. To the

extent a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 20 of the Cross-Claim Plaintiff's Complaint; therefore, it is denied.

21. Denied.

22. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 22 of the Cross-Claim Plaintiff's Complaint; therefore, it is denied.

23. Denied.

(a) Denied.

(b) Denied.

(c) Denied.

(d) Denied.

24. Denied.

25. Denied.

## COUNT TWO

(Negligence against Ford Motor Company, Keith Blakemore d/b/a/ KB Car Care
and Fictitious Defendants A-G)

26. Defendant adopts and incorporates by reference its responses to Paragraphs 1-25 above as if fully set forth herein.

27. Denied.

28. Denied.

29. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 29 of the Cross-Claim Plaintiff's Complaint; therefore, it is denied.

30. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 30 of the Cross-Claim Plaintiff's Complaint; therefore, it is denied.

31. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 31 of the Cross-Claim Plaintiff's Complaint; therefore, it is denied.

32. With respect to Defendant Ford Motor Company, Defendant denies the allegations contained in Paragraph 32 of Cross-Claim Plaintiff's Complaint. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 32 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

## COUNT THREE

(Wantonness against Ford Motor Company and Fictitious Defendants A through G)

33. Defendant adopts and incorporates by reference its responses to Paragraphs 1-32 as if fully set forth herein.

34. With respect to Defendant Ford Motor Company, Defendant denies the allegations contained in Paragraph 34 of Cross-Claim Plaintiff's Complaint. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 34 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

35. With respect to Defendant Ford Motor Company, Defendant denies the allegations contained in Paragraph 35 of Cross-Claim Plaintiff's Complaint. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 35 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

36. With respect to Ford Motor Company, Defendant denies the allegations contained in Paragraph 36 of Cross-Claim Plaintiff's Complaint. Defendant is without sufficient information to

admit or deny the remaining allegations contained in Paragraph 36 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

## COUNT FOUR

(Breach of Express and implied Warranties against Ford Motor Company

and Fictitious Defendants A through G)

37.   Defendant adopts and incorporates by reference its responses to Paragraphs 1-36 as if fully set forth herein.

38.   Paragraph 38 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 38 of Cross-Claim Plaintiff's Complaint; therefore it is denied. However, Defendant does admit that it is in the business of designing, manufacturing in part, assembling and distributing automobiles, including a 2002 model Econoline E-350 15-passenger van (VIN# 1FBSS31S42HA33919).

39.   With respect to Defendant Ford Motor Company, Defendant denies the allegations contained in Paragraph 39 of Cross-Claim Plaintiff's Complaint. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 39 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

40.   With respect to Defendant Ford Motor Company, Defendant denies the allegations contained in Paragraph 40. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 40 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

(a)   With respect to Defendant Ford Motor Company, Defendant denies the allegations

contained in Paragraph 40(a). Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 40(a) of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

(b) With respect to Defendant Ford Motor Company, Defendant denies the allegations contained in Paragraph 40(b). Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 40(b) of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

(c) With respect to Defendant Ford Motor Company, Defendant denies the allegations contained in Paragraph 40(c). Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 40(c) of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

41. Defendant Ford is without sufficient information to admit or deny the allegations contained in Paragraph 41 of Cross-Claim Plaintiff's Complaint; therefore it is denied.

42. With respect to Ford Motor Company, Defendant denies the allegations contained in Paragraph 42 of Cross-Claim Plaintiff's Complaint. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 42 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

43. With respect to Defendant Ford Motor Company, Defendant denies the allegations contained in Paragraph 43 of Cross-Claim Plaintiff's Complaint. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 43 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

## COUNT FIVE

(Negligent and/or Wanton Failure to Warn of and/or Adequately Safeguard Against Deadly Hazards as to Ford Motor Company and Fictitious Defendants A through G)

44. Defendant adopts and incorporates its responses by reference to Paragraphs 1-43 as if fully set forth herein.

45. With respect to Defendant Ford Motor Company, Defendant denies the allegations contained in Paragraph 45 of Cross-Claim Plaintiff's Complaint. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 45 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

46. With respect to Defendant Ford Motor Company, Defendant Ford denies the allegations contained in Paragraph 46 of Cross-Claim Plaintiff's Complaint. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 46 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

## COUNT SIX

(Crash worthiness as to Ford Motor Company and Fictitious Defendants A through G)

47. Defendant adopts and incorporates its responses by reference to Paragraphs 1-46 as if fully set forth herein.

48. With respect to Defendant Ford Motor Company, Defendant Ford denies the allegations contained in Paragraph 48 of Cross-Claim Plaintiff's Complaint. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 48 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

49. Denied.

50. With respect to Defendant Ford Motor Company, Defendant Ford denies the allegations contained in Paragraph 50 of Cross-Claim Plaintiff's Complaint. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 45 of Cross-Claim Plaintiff's Complaint; therefore, it is denied.

51. Denied.

52. Defendant denies that the "weak roof structure, inadequate seating and restraint systems, and tempered glass in the side window locations allowed the roof to collapse and the occupants to become improperly restrained and contained within the van." Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 52 of the Cross-Claim Plaintiff's Complaint, therefore, it is denied.

53. Denied.

### FIRST DEFENSE

Said Complaint fails to state a claim upon which relief may be granted against this Defendant.

### SECOND DEFENSE

Unless specifically admitted herein, this Defendant denies each and every material allegation made against it by the Cross-Claim Plaintiff in the Complaint and demands strict proof thereof.

### THIRD DEFENSE

This Defendant avers that at the time and place of the incident in question, Cross-Claim Plaintiff was guilty of negligence which directly contributed to cause the injuries in question.

### FOURTH DEFENSE

This Defendant affirmatively pleads assumption of the risk.

## FIFTH DEFENSE

This Defendant affirmatively pleads misuse of the vehicle involved in this case.

## SIXTH DEFENSE

This Defendant denies that there is any causal relationship between the conduct of this Defendant and the injuries and damages of Cross-Claim Plaintiff alleged in the Complaint.

## SEVENTH DEFENSE

This Defendant affirmatively pleads efficient intervening cause of third persons that caused or contributed to cause the accident and injuries in question, thereby barring Cross-Claim Plaintiff from recovery from this Defendant.

## EIGHTH DEFENSE

This Defendant affirmatively pleads any and all pro tanto settlements or other monies paid to Cross-Claim Plaintiff as a result of the injuries sustained in the accident made the basis of this suit.

## NINTH DEFENSE

This Defendant affirmatively pleads modification and substantial alteration of the vehicle involved in this case which may have caused or contributed to the accident and injuries in question, thereby barring Cross-Claim Plaintiff from recovering from this Defendant.

## TENTH DEFENSE

As concerns all claims for breach of express and implied warranties, this Defendant pleads specific disclaimer, limitation of warranty, lack of privity of contract between Cross-Claim Plaintiff and this Defendant and failure to comply with the notice provisions of the Alabama Uniform

Commercial Code prior to the filing of this action, and thus Cross-Claim Plaintiff' remedies are barred for any claim for breach of warranties.

### ELEVENTH DEFENSE

This Defendant affirmatively pleads the applicable statute of limitations as may be indicated by discovery and investigation.

### TWELFTH DEFENSE

This Defendant affirmatively pleads improper or inconvenient venue as may be indicated by discovery and investigation.

### THIRTEENTH DEFENSE

This Defendant affirmatively pleads judicial estoppel as may be indicated by discovery and investigation.

### FOURTEENTH DEFENSE

Cross-Claim Plaintiffs claims, in whole or in part, are or may be expressly or impliedly preempted by federal law including, but not limited to, the Motor Vehicle Safety Act and the Federal Motor Vehicle Safety Standards.

### FIFTEENTH DEFENSE

As concerns all claims for punitive damages, this Defendant avers that such claims and such requisite burden of proof violate this Defendant's right to equal protection and due process under the Constitution of the United States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of Alabama. This Defendant affirmatively avers that the Cross-Claim Plaintiff's claim for punitive

damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of the Defendant which gives rise to a claim for punitive and exemplary damages. Additionally, the Cross-Claim Plaintiff's claim for punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with sufficient clarity the consequence to a Defendant of any conduct which may give rise to the claim for punitive damages. Therefore, any award of punitive damages violates this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## SIXTEENTH DEFENSE

This Defendant affirmatively avers that the Cross-Claim Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate this Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## SEVENTEENTH DEFENSE

This Defendant affirmatively avers that the Cross-Claim Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative of this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## EIGHTEENTH DEFENSE

This Defendant affirmatively avers that the Cross-Claim Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages in this case cannot protect this Defendant against multiple and repeated punishment for the same alleged wrong in future cases. Accordingly, any award of punitive damages would violate this Defendant's right to due process of law and would constitute "double jeopardy" under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## NINETEENTH DEFENSE

This Defendant affirmatively avers that the Cross-Claim Plaintiff's claim for punitive damages would violate this Defendant's rights to due process under the Fourteenth Amendment to the Constitution of the United States of American and under the Constitution of the State of Alabama as well as to other rights and protections afforded to it by State Farm Automobile Ins. Co. V. Campbell, 123 S. Ct. 1513 (April 7, 2003).

## TWENTIETH DEFENSE

Unless Defendant's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Ford's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

## TWENTY-FIRST DEFENSE

Cross-Claim Plaintiff's claim for punitive damages against Ford cannot be maintained, because an award of punitive damages under Alabama law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what

conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the Untied States Constitution, Article I, § 13 of the Alabama Constitution, and the common law and public policies of the State of Alabama.

### TWENTY-SECOND DEFENSE

Cross-Claim Plaintiff's claim for punitive damages against Ford cannot be maintained, because any award of punitive damages under Alabama law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Ford, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Ford's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by

Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

## TWENTY-THIRD DEFENSE

Any award of punitive damages based on anything other than Ford's conduct in connection with the design, manufacture, and sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama because any other judgment for punitive damages in this case cannot protect Ford against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Alabama. In addition, any such award would violate principles of comity under the laws of the State of Alabama.

## TWENTY-FOURTH DEFENSE

To the extent that the law of Alabama permits punishment to be measured by the net worth or financial status of Ford and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Ford in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, § 13 of the Alabama Constitution.

## TWENTY-FIFTH DEFENSE

The law of Michigan applies to punitive damages. Pursuant to that law, no punitive damages can be awarded.

## TWENTY-SIXTH DEFENSE

The imposition of punitive damages under Alabama's wrongful death statute from harm allegedly caused to non-parties would violate the Due Process Clause of the United States Constitution. <u>Phillip Morris USA v. Williams</u>, 127 S. Ct. 1057, 1063 (2007).

DONE this the 5th day of October, 2007.

Respectfully submitted,

/s/ H. Lanier Brown, II
D. Alan Thomas
H. Lanier Brown, II
John Isaac Southerland
Attorneys for Defendant,
FORD MOTOR COMPANY

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone: (205) 251-1193
Telecopier: (205) 251-1256

## JURY DEMAND

**DEFENDANT FORD MOTOR COMPANY DEMANDS A TRIAL BY STRUCK JURY FOR THIS ACTION.**

Respectfully submitted,

/s/ H. Lanier Brown, II
D. Alan Thomas
H. Lanier Brown, II
John Isaac Southerland

Attorneys for Defendant,  
FORD MOTOR COMPANY

Attorneys for Defendant,  
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

  I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys registered and I have placed a copy of the foregoing to the attorneys not set up for email notification in the United States Mail, postage prepaid and properly addressed, on this the 16th day of October, 2007.

Walter McGowan, Esq.
GRAY, LANGFORD, SAPP, McGOWAN, GRAY,
 GRAY & NATHANSON, P.C.
P. O. Box 830239
Tuskegee, AL 36083-0239

Keith Blakemore d/b/a Car Care
4703 A Plainfield
Houston, TX 77036

Robert Simms Thompson
Tiffany N. Johnson
308 North Elm Street
Tuskegee, Alabama 36083

Robert E. Ammons
The Ammons Law Firm
3700 Montrose Boulevard
Houston, TX 77006

          /s/ H. Lanier Brown, II
          Of Counsel