IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2007 OCT 31 P 4: 28

RELIA ANN SCOTT, et al §
 §
Plaintiffs, §
vs. § CASE NO. 3:07-cv-00901-WC
 §
FORD MOTOR COMPANY, et al §
 §
Defendants. §

**PLAINTIFFS' MOTION TO REMAND AND
MEMORANDUM OF LAW IN SUPPORT THEREOF**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COME NOW, Relia Ann Scott, as Administratrix of the Estate of Nathan Billings, Deceased, Arthur Billings and Bonita Billings, Individually and as Next Friend of Bethany Billings, a Minor, Susie M. Emmers, as Administratrix of the Estate of April Jones Emmers, Deceased, Linda Emmers, Individually and as Next Friend of Ashley Emmers, a Minor; and Harold Emmers, III, ("Plaintiffs"), and file the following Motion to Remand this cause to the Circuit Court of Macon County, Alabama. In support of granting a remand, Plaintiffs show as follows:

**I.
SUMMARY OF ARGUMENT**

A remand of this cause is warranted. There has been no fraudulent joinder of either Texas resident Defendant Harold Emmers, Jr. or Texas resident Defendant Keith Blackmore d/b/a KB Car Care ("KB Car Care") to defeat federal diversity jurisdiction in this case.

*1.*  ***With regard to Defendant Harold Emmers, Jr.***: Contrary to Ford's argument, the Alabama Guest Statute is inapplicable here to preclude a simple negligence claim against Defendant driver Emmers. *Coffey v. Moore*, 948 So. 2d 544 (2006), explicitly holds that, under the statute, the

classification of "host" (driver) and "guest" (passenger) is established at the inception of the journey and does not change when the "host," for whose benefit the Alabama Guest Statute was enacted, permits a "guest" like Harold Emmers, Jr., to drive. *Coffey*, 948 So. 2d at 548. Plaintiffs have alleged a negligence cause of action against Emmers and have shown a possibility of recovery against him.

2. ***With regard to Defendant KB Car Care***: Ford alleges that Texas resident KB Car Care was fraudulently joined because it has no contacts with Alabama; therefore, personal jurisdiction does not exist and Plaintiffs cannot prevail on a cause of action against this Defendant. Ford further contends this Court must decide both the issues of *in personam* jurisdiction and fraudulent joinder. Contrary to Ford's argument, however, this Court does not have to decide whether Alabama courts have personal jurisdiction over KB Car Care prior to deciding Plaintiffs' Motion to Remand. *Lane v. Champion Int'l*, 827 F. Supp. 701 (S.D. Ala. 1993), holds that this Court need not decide the *in personam* issue prior to deciding remand. The court in *Lane* reasoned that although it had discretion to decide the *in personam* issue, it was better left to the Alabama state court to do so and remanded the case.

Under *Coffey* and *Lane,* the narrow construction that must be given to the removal statutes, and because Ford has failed to meet its heavy fraudulent joinder burden—clear and convincing evidence—this cause should be remanded.

## II.
## RELEVANT FACTS AND BACKGROUND

This wrongful death/products liability suit arises out of the August 6, 2005, incident involving a 2002 Ford Econoline (E-350) 15-passenger van ("Van"). The Van's seven (7)

2

passengers and driver were returning to Houston, Texas from a church conference in Alabama when the Van veered off onto the left shoulder of the road and rolled over. *See* Plaintiffs' Complaint at pp. 4-5, 11, 17-21, on file with this Court. During the rollover sequence, the Van's roof collapsed and the seat belt system and window glazing failed. The Van's passengers were injured and two of them, both minors, Nathan Billings and April Jones Emmers, were ejected and suffered fatal injuries. At the time of the incident, the driver of the Van was Harold Emmers, Jr. *See* Plaintiffs' Complaint at pp. 4, 11.

### III.
### FORD'S CONTENTIONS

Plaintiffs filed suit in Macon County Alabama Circuit Court, where the injury occurred, on July 9, 2007. Suit was filed in State court because all of the Plaintiffs and Defendant KB Car Care are Texas residents. Accordingly, diversity to support federal jurisdiction does not exist in this case. Nevertheless, Ford removed this cause on October 5, 2007, alleging that it had recently reviewed "other paper" that rendered this case removable. 28 U.S.C. § 1446(b). Ford's "other paper" allegedly consists of Plaintiffs' responses to Ford's requests for admissions in which Plaintiffs each separately admit that damages in this case exceed $75,000—the requisite amount needed to invoke federal jurisdiction. *See* Ford Motor Company's Notice of Removal ("Notice") on file with this Court at pp. 5-6.

In addition, Ford also asserts that the Texas residency of Defendant Harold Emmers, Jr., the Van's driver at the time of the incident, and the Texas residency of Defendant KB Car Care, the entity that serviced the Van immediately before the trip, should not be considered because they were fraudulently joined to defeat diversity. *See* Notice at pp. 6-12. Ford is wrong.

## IV.
## ARGUMENT AND AUTHORITIES

A. **Removal/Remand And Fraudulent Joinder Principles.**

The Removal Statutes are to be strictly construed against removal and any uncertainties resolved in favor of remand. *Hams v. Blue Cross/Blue Shield of Alabama, Inc.*, 951 F.2d 325, 328 (11th Cir. 1992). In *Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994), the court summarized the general rules of law relating to federal removal jurisdiction:

> ***Federal courts are courts of limited jurisdiction.*** While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim . . . . Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . ***removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.***

*Burns*, 31 F.3d at 1095 (citations omitted) (emphasis added).

If diversity jurisdiction is lacking on the face of the complaint, as is the situation here, removal jurisdiction may be exercised only if the defendant proves that the non-diverse defendants were fraudulently joined. However, "as a policy matter, principles of limited federal jurisdiction, comity with the state courts and freedom of the plaintiff to 'prosecute his own suit in his own way to a final determination,' . . . suggest strict application of the judicially created doctrine of fraudulent joinder." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 207 (5th Cir. 1983).

Under Alabama law and the Eleventh Circuit, fraudulent joinder is found in three instances, one of which is where there is ***no possibility*** that the plaintiff can establish a cause of action against the non-diverse defendant in state court. Courts have cautioned, however, that "the plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a ***possibility*** of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump*

*Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The removing party that is urging jurisdiction in this Court—Ford—bears a heavy burden to demonstrate that diversity jurisdiction, and thus, federal jurisdiction, is proper due to the fraudulent joinder of a non-diverse defendant whose residency must be disregarded. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989); *accord Dobson v. Spriada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one.")

Additionally, a defendant's heavy burden is further enhanced because, in deciding the issue of fraudulent joinder, ***all inferences tilt in plaintiffs' favor***. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). This Court, in other words, must accept the allegations in the Plaintiffs' complaint as true ***and resolve all disputed questions of fact and all ambiguities in the controlling state law*** in favor of the non-removing parties (Plaintiffs herein) in its determination of the question of fraudulent joinder. *Id.* A finding of fraudulent joinder, therefore, is proper only if Ford proves by clear and convincing evidence that there is no possibility that an Alabama State court would find that Plaintiffs have stated a claim against the non-diverse defendant, Harold Emmers, Jr. *See Cabalceta*, 883 F.2d at 1562 ("The district court apparently placed the burden of establishing a 'colorable' cause of action on plaintiffs" rather than where it should have been—on the defendants). Plaintiffs have alleged and can establish a valid negligence claim against Defendant Emmers in Alabama State court because, under *Coffey v. Moore,* discussed below, the Alabama Guest Statute, allows it.

**B.   The Alabama Guest Statute Does Not Apply To Driver Harold Emmers, Jr.**

Ford specifically claims that Plaintiffs have failed to state a cause of action against Harold Emmers, Jr. because, as the driver of the Van at the time of the incident, the Alabama Guest Statute precludes such a cause of action for ordinary negligence against him. *See* Notice at p. 11. Ford's analysis of the Alabama Guest Statute is inapplicable given the facts of this case.

The relevant portions of the Alabama Guest Statute provide:

> The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefore in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.

ALA. CODE § 32-1-2 (1975). In *Blair v. Green*, 247 Ala. 104, 22 So. 2d 834 (1945), the Alabama Supreme Court discussed the purpose of the Alabama Guest Statute enacted in 1935 and noted that the "host" of the vehicle—"the owner, operator or person responsible for the operation of the motor vehicle"—was the intended "beneficiary" of the statutory preclusion of a negligence claim, except upon willful or wanton misconduct.

> The situation that [the Guest] statute was apparently designed to prevent is well known. As the use of automobiles became almost universal, many cases arose when *generous drivers, having offered rides to guests, later found themselves as defendants* in cases that often turned upon close questions of negligence. *Undoubtedly, the legislature adopting this act reflected a certain natural feeling as to the injustice of such a situation. The terms of the statute should be construed with their intent and purpose in view, and the purpose and object that the legislature had in mind sometimes throws light upon the meaning of the language used.*

*Id.* at 109 (emphasis added). Following its logic and reasoning in *Blair*, the Alabama Supreme Court in *Coffey v. Moore*, 948 So. 2d 544, 548 (2006), held that the "status" of a "host" is ***not changed by***

*reason of the fact that the host permits a guest passenger to drive.* Rather, the status or classification of each party is established at the *inception of the journey* and the simple fact of changing drivers does not affect or alter the original classification. *Coffey*, 948 So. 2d at 548.

*Coffey* is directly on point. Defendant Emmers derives no immunity from the Alabama Guest Statute simply because he was driving the Van at the time of the incident. Emmers was, in a word, still a "guest," and Plaintiff Billings was still a "host" at the time of the incident. Consequently, Plaintiffs have stated a valid negligence cause of action against Defendant Emmers. There has been no fraudulent joinder of Harold Emmers, Jr. A remand of this cause is warranted.

### C. This Court May Remand This Cause Without Deciding Ford's Contention That *In Personam* Jurisdiction Is Lacking Over KB Car Care.

Ford alleges that, like Defendant Emmers, Defendant KB Car Care's Texas residency should be disregarded in determining diversity because the Court lacks personal jurisdiction over it; thus, it too has been fraudulently joined. *See* Notice at pp. 7-10. Specifically, Ford casts its argument for lack of personal jurisdiction over this Defendant under the fraudulent joinder rubric. By doing so, Ford assumes that this Court must consider both issues in deciding whether this action should remain or be remanded. *Id.* Ford's assumption is incorrect.

This Court need not decide the personal jurisdiction issue before it decides the remand issue. *Lane v. Champion Int'l Corp.*, 827 F. Supp. 701 (S.D. Ala. 1993), is directly on point. There, the plaintiffs, James and Jacqueline Lane, who owned land in Perdido Bay in Alabama, brought suit against defendants Champion International Corporation ("Champion") and the plant manager, Mr. Owenby, for the commission of various toxic torts. Both the plaintiff Lanes and defendant Owenby were Florida residents having few contacts with Alabama, and defendant Champion was a New York

Corporation with its principal place of business in Connecticut. *Lane*, 827 F. Supp. at 703. Defendants removed the suit and argued that Owenby had been fraudulently joined; hence, Owenby's Florida residence should be disregarded. Defendants reasoned that because Owenby had no Alabama contacts, the court had no personal jurisdiction over Owenby and, thus, there was no possibility that plaintiffs could establish a cause of action against him and thereby defeat the fraudulent joinder allegations. *Id.*

At the outset of the opinion, the court noted that this was an unusual case. Generally, the court wrote, "[b]ecause the fraudulently joined defendant is usually a resident of the state in which suit is brought, the question of the court's personal jurisdiction over the resident defendant does not arise." *Id.* at 704.

The *Lane* court further commented:

> That is not so in this case. Here, because the Lanes are Florida residents and have named as a defendant Owenby, who is also a Florida resident, it is the naming of a non-residential defendant, and not a resident defendant that destroys diversity. The court's personal jurisidiction over the non-resident defendant thus becomes one focus of inquiry.

*Id.* The present case has these same unusual facts—both Defendants alleged to have been fraudulently joined are not residents of Alabama but of Texas. The plaintiffs in *Lane* urged the court to reach the remand issue first. The court found that it had discretion to determine whether it had to consider the lack of personal jurisdiction issue prior to addressing plaintiffs' motion to remand. After an extensive discussion, the court exercised its discretion in plaintiffs' favor, granted the motion to remand, and concluded:

> [T]hat notions of judicial economy, fairness and equity—all of which underlie the relegation of such broad discretion in these circumstances—***all support this court's decision not to resolve the personal jurisdiction issue.*** . . . Rather than make that

8

ultimate determination, however, ***the court believes it best for the Alabama state court, on remand, to do so***.

*Lane*, 827 F. Supp. at 705 (emphasis added).

As in *Lane*, Plaintiffs urge this Court to exercise its discretion in Plaintiffs' favor and remand this suit to the Alabama State court. This Court does not need to determine whether there is *in personam* jurisdiction over KB Car Care prior to remanding this cause. Plaintiffs have stated a valid negligence cause of action against KB Car Care regarding his service of the Van only weeks before the fatal road trip. The issue of *in personam* jurisdiction, if there is such an issue, should be decided by an Alabama State court. Again, a remand of this cause is warranted.

## V.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that this Court will order a remand of this cause to the Circuit Court of Macon County, Alabama and grant Plaintiffs such other and further relief to which they may show themselves justly, entitled either at law or in equity.

/s/ Walter E. McGowan
Walter E. McGowan (MCG016)
GRAY, LANGFORD, SAPP, MCGOWAN,
   GRAY, GRAY & NATHANSON, P.C.
Post Office Box 830239
Tuskegee, Alabama 36083
Telephone:   334.727.4830
Telecopier:   334.727.5877

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

OF COUNSEL:

**THE AMMONS LAW FIRM, L.L.P.**
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:   713.523.1606
Telecopier:   713.523.4159

OF COUNSEL FOR PLAINTIFFS

### CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiffs has conferred with counsel for Defendants, and that counsel cannot agree about the disposition of this Motion. Defendants are OPPOSED to the relief sought in this Motion.

_____
WALTER E. MCGOWAN

OF COUNSEL:

**THE AMMONS LAW FIRM, L.L.P.**
ROBERT E. AMMONS
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:   713.523.1606
Telecopier:   713.523.4159

OF COUNSEL FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I, Robert E. Ammons, hereby certify that a true and correct copy of the foregoing instrument has been served upon all parties and/or counsel of record on this the 31st day of October, 2007.

_____
WALTER E. MCGOWAN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RELIA ANN SCOTT, et al | § § § | |
| Plaintiffs, | § | |
| vs. | § | CASE NO. 3:07-cv-00901-WC |
| | § | |
| FORD MOTOR COMPANY, et al | § § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED THAT on the below entered date came on for consideration Plaintiffs' Motion to Remand, and the Court, after considering said Motion, the pleadings, and the arguments of counsel, is of the opinion that such Motion is meritorious and should be granted; therefore, it is,

ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion to Remand is hereby **GRANTED**; and accordingly, it is,

ORDERED, ADJUDGED AND DECREED that this suit is **HEREBY IMMEDIATELY REMANDED** to the Circuit Court of Macon County, Alabama..

SIGNED and ENTERED this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE